SYBIL IVES, INC., Plaintiff,

v.

HELENE CURTIS INDUSTRIES, INC., Defendant.

United States District Court
S. D. New York.
Dec. 20, 1965.

William K. Kerr, New York City, for plaintiff; Harry R. Pugh, Jr., Herbert F. Schwartz, New York City, of counsel.

McLean, Morton & Boustead, New York City, for defendant; Dressler, Goldsmith, Clement, Gordon & Ladd, Chicago, Ill., of counsel.

CROAKE, District Judge.

This is a motion by the plaintiff for an order temporarily enjoining the defendant from prosecuting an action in the District Court for the Northern District of Illinois against a customer of the movant entitled Helene Curtis Industries, Inc., v. Hart Beauty Supply Co., 65 Civ. 1593, pending the final determination of the instant action and from harassing or threatening or commencing suits against other customers of Sybil Ives for alleged infringement of the trademark of Helene Curtis by the sale of products of the plaintiff.

The controversy concerns the Helene Curtis trademark "Fashion Wave," and the mark of the plaintiff herein, "Fashion Cold Perm," on certain hair care products. By letter dated August 23, 1965, from Helene Curtis to Sybil Ives in New York, it was stated in part, that:

> "We consider that the term, Fashion Cold Perm, is an infringement on our trademark Fashion Wave, and we call on you to discontinue this infringement and account to us for past infringement. Unless we receive satisfactory assurance from you in this matter we will be compelled to take legal action to enforce our rights."

Sybil Ives replied in a letter dated September 7, 1965, which stated that it saw no merit to the charge in view of the many other marks in the field using the term "Fashion," and of the distinction between the two marks. The intention to continue the use of "Fashion Cold Perm" was asserted.

The Illinois action for trademark infringement was commenced by the filing of a complaint on September 23, 1965. The instant suit, for declaratory and injunctive relief, was begun by the filing of a complaint on October 7, 1965.

It is asserted on behalf of Helene Curtis that the Illinois action was brought against Hart alone for the reason that it was not at that time known whether Ives was in fact doing business in Illinois. Counsel states that he had been told by an employee in the Office of the Secretary of State in Illinois that Ives was not licensed to do business in Illinois, and that the intention was to develop

facts through discovery procedures as to the activities of Ives in Illinois and to join it as a defendant if it was discovered that Ives was doing business in the state.[1]

The deposition of Sybil Ives by its president, Sheldon Levison, was taken in the present action on November 4, 1965, at which time inquiry was made into the interrelationships of Bristol-Myers Company, Clairol Inc. and Ives.[2] On the following day, the instant motion papers were served upon the defendant. On November 10, in the Illinois action, an amended complaint was filed joining Ives, Clairol and Bristol-Myers as parties defendant, and a motion for a restraining order enjoining further prosecution of the New York action until its motion for a preliminary injunction to that end, filed at the same time, was determined by that court. On November 12, the Hon. Richard B. Austin, District Judge, Northern District of Illinois, denied the request for a restraining order and put over the motion for a preliminary injunction "out of deference to him who has this motion pending before him, before I have it pending before me * * *."[3]

It is asserted by Mr. Levison that:

"Sybil Ives is a Delaware corporation having its principal place of business in White Plains, New York. Sybil Ives is not licensed to do business nor is it doing business in the Northern District of Illinois. Sybil Ives does not maintain any warehouse, bank account, stock of goods, office or display room in the Northern District of Illinois. It does

not own or rent property, or pay taxes there. Mr. Joseph Nimo, who resides in Glenview, Illinois, and Mr. John Tribuzio, who resides in Chicago, Illinois solicit business for Sybil Ives in the states of Wisconsin, Minnesota, Iowa, Missouri, Illinois, Ohio, West Virginia, Indiana, Michigan, Kansas, Nebraska, South Dakota and North Dakota. All orders are accepted or rejected by Sybil Ives in New York and, if accepted, goods are shipped from New York or New Jersey, and the customers are billed from New York." Affidavit dated November 5, 1965, ¶ 2.

In paragraphs 4 and 5 of the affidavit, it is further stated that:

"All of the record pertaining to hair care products manufactured and sold by Sybil Ives are in White Plains, New York.

"Individuals having knowledge of the adoption and use of FASHION COLD PERM by Sybil Ives are all located in the New York area."

Mr. Levison also notes that "The volume of FASHION COLD PERM sold to Hart represents only approximately 2% of the volume of all FASHION COLD PERM made and sold by Sybil Ives to date." Paragraph 11.

Ives has agreed to indemnify Hart with regard to potential liability arising from the Illinois suit.[4] It is also asserted on behalf of Ives that it is not in control of the conduct of the Illinois action, and that the defense is under the direction of counsel for Hart.[5] Finally, in paragraph 6 of the affidavit of counsel for Hart, it is stated that:

"My client, Hart, intends to defend its rights to sell FASHION

---

1. Affidavit of David L. Ladd, Esq., November 16, 1965, par. 3.

2. See the transcript of the deposition. See also the affidavit of Frank A. Sprole, Secretary of the three companies, November 19, 1965.

3. See transcript of the proceedings, pp. 7–8.

4. Affidavit of Levison, par. 12. See also the letter from Sybil Ives by Mr. Levison to one Charles C. Happy of Hart dated November 5, 1965.

5. See the letter cited in note 4, supra, and paragraph 4 of the affidavit of Erwin H. Greenberg, Esq., counsel for Hart, dated November 18, 1965.

COLD PERM against the plaintiff's claims of trademark infringement. It is my belief, that filing of the aforesaid suit against Hart was unnecessary to the determination of the real controversy in this case, which is one between the plaintiff and Sybil Ives—the manufacturer of FASHION COLD PERM. No one in Hart has any knowledge of the adoption or use of FASHION COLD PERM, which is purchased by Hart from Sybil Ives in packages ready for sale. Accordingly, I am authorized by my client to voluntarily intervene as a party plaintiff in the New York action—a controversy between the real parties in interest, Helene Curtis and Sybil Ives—in order to have all parties before the New York Court if the Court indicates that this is necessary or desirable in connection with Sybil Ives' motion to enjoin prosecution of the Chicago suit."

As to the matter of publicity and further suits, the defendant herein has no objection to an order in this suit or in Illinois, enjoining publicity about this controversy to the trade and enjoining further suits against the customers of Ives, but asks that both parties should be enjoined from publicity without prior approval of the Court. This would seem to be an appropriate resolution and accordingly the motion in so far as it is directed toward these questions is so disposed of.

As to the question of which suit is to go forward, Helene Curtis asks either that the instant motion be denied or that this action be stayed for a period of thirty days under Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1951). This court has examined *Kerotest* with care and has also considered the history of that litigation, but is of the opinion that it is distinguishable from the present situation and does not warrant the determination sought by Helene Curtis. So also, the remaining cases relied upon by the defendant do not call for the disposition which it urges.

[1] This court does not lightly undertake to stay proceedings in another district court and reaches the conclusion that such a determination is appropriate under the circumstances only after the most careful consideration.

In the recent case of Mattel, Inc. v. Louis Marx & Co., Inc., December 7, 1965, 353 F.2d 421, the Court of Appeals for this Circuit, in reversing an order of the District Court for this district which granted a motion to stay an action pending in the District Court for the District of New Jersey between the same parties, stated that:

"We believe it to be a sound rule that the issues should be tried in the district where suit is first brought unless there are other factors of substance which support the exercise of the court's discretion that the balance of convenience is in favor of proceeding first in another district."

The court is of the opinion that such factors are present.

■ Most prominent is the fact that the Illinois action was originally a "customer action" begun 16 days after the reply by Sybil Ives to the warning letter which had been sent to Ives itself. Though Delamere Company v. Taylor-Bell Co,. 199 F.Supp. 55 (S.D.N.Y.1961), is arguably a stronger situation for the relief here sought, it is nevertheless authority for the proposition that the fact that this is a "customer action" warrants a departure from the "first filed" rule.[6]

6. See also *Mattel,* supra, wherein the court stated, 353 F.2d 424, at n. 4 that: "Examples of situations which would justify a departure from the 'first filed' rule of priority include: (a) the so-called 'customer actions' where the first filed suit is against a customer of the alleged infringer while the second suit involves the infringer himself [citing Delamere] * * *."

All issues in the controversy may be determined in New York.[7] Though manifestly if the jurisdiction and venue as to Sybil Ives, Clairol and Bristol-Myers as to the activities in suit were to be upheld in Illinois, all issues could be determined in that action, the court, after perusal of the papers submitted upon the instant motion, including the deposition of Mr. Levison, is not disposed to term the challenge to such jurisdiction .and. venue which would apparently be forthcoming to be frivolous. In any event, such a question is not properly to be determined by this court at this juncture upon the instant motion. Suffice it to state that the interests of orderly procedure and the conservation of judicial resources point toward the maintenance of the litigation in that forum where the additional step of the jurisdictional motion by Ives and its parent companies will not be had.

Finally, it would appear that, on balance, the most convenient and natural "theatre" for this dispute is in New York. Admittedly, Helene Curtis is an Illinois corporation with its principal place of business in that state,[8] and presumably for such a corporation Illinois would be a more convenient forum. However, that is not tantamount to stating that New York would be an inconvenient forum, and indeed no demonstration to that effect is made. On the other hand, it is persuasively asserted on behalf of Sybil Ives that Illinois would in fact be inconvenient to it. Thus it is noted that the individuals with knowledge of and the records pertaining to the adoption and use of Fashion Cold Perm are in the New York area.[9]

Accordingly, the motion for an order temporarily enjoining Helene Curtis

from prosecuting the action in the Northern District of Illinois pending the final determination of the instant action is granted.

Submit order on notice.

---

7. In the light of the statement by counsel for Hart that he is authorized by his client to intervene voluntarily in the instant action if deemed advisable, the court does not reach the question of whether, absent such intervention, the New York action would in fact dispose of all issues.

8. See paragraph 2 of the original complaint filed in the court in Illinois on September 23, 1965.

