ZENITH RADIO CORPORATION,
Plaintiff,

v.

COLUMBIA BROADCASTING SYSTEM,
INC., Defendant.

The RAULAND CORPORATION,
Plaintiff,

v.

COLUMBIA BROADCASTING SYSTEM,
INC., Defendant.

Nos. 68 Civ. 990, 68 Civ. 1018.

United States District Court
S. D. New York.

May 17, 1968.

Rogers, Hoge & Hills, New York City, for plaintiffs; by George Chapman, New York City, Dugald S. McDougall, Francis W. Crotty, Chicago, Ill., of counsel.

Kenyon & Kenyon, New York City, for defendants; John A. Reilly, James H. Callahan, Donald J. Lisa, John A. Fogarty, Jr., New York City, of counsel.

McGOHEY, District Judge.

Two motions were made in each of these related actions. The four are considered together. Both actions seek judgments declaring that three patents owned by Columbia Broadcasting System, Inc. (hereafter CBS) which relate to color picture tubes for television receivers are invalid and not infringed by the products

of the respective plaintiffs.[1] Rauland Corporation (hereafter Rauland), which is the wholly owned subsidiary of Zenith Radio Corporation (hereafter Zenith), manufactures color picture tubes used in television receivers manufactured by Zenith. Both actions were commenced just about one month after CBS, on February 8, 1968, had commenced an infringement action in the United States District Court for the District of Massachusetts against Lechmere Tire & Sales Co. (hereafter Lechmere), a retail department store in Cambridge, Mass., which for several years has sold large quantities of Zenith color television receivers.

Zenith and Rauland have severally moved to enjoin CBS from prosecuting its action against Lechmere or similar actions against any other dealers in television receivers which use the respective plaintiffs' products.

CBS has moved to stay each of the instant actions pending determination of its action against Lechmere or, in the alternative, to transfer the instant actions to the United States District Court for Massachusetts where they "might have been brought."[2]

Zenith is a Delaware corporation with manufacturing facilities in Illinois. Rauland is an Illinois corporation having a place of business in that state. Neither, as far as appears, is authorized to do or does business in New York. CBS is a New York corporation having its principal place of business in the Southern District of New York. It is also authorized to do business in Massachusetts and does so at Boston.

■ It has long been the general rule in this circuit that in priority contests such as we have here, the first action filed should not be stayed unless special circumstances justify giving priority to the action started later. Two situations have been held to constitute such circumstances: one is where "shopping" alone accounts for the choice of forum for the first action; the second is where the first action is against a customer of an alleged infringer while the second involves the alleged infringer himself.[3] Zenith and Rauland strongly urge that they clearly come within both exceptions. For reasons noted later they are hardly in a position to complain about forum shopping by CBS and their argument in that respect is rejected. They do come within the second exception, however, and if, "shopping" aside, there were no more to the problem than we have noted up to now it would seem their motions should be granted. However, we have been admonished by the Supreme Court that in circumstances such as this "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems."[4] In light of this admonition there are several other factors to be considered here.

■ There are presently pending in the United States District Court for Massachusetts three actions by CBS against alleged infringers of the relevant patents, in addition to the Lechmere action, and all four actions have been assigned to Judge Caffrey of that court. The first was commenced on January 11, 1966, against Sylvania Electric Products, Inc. (hereafter Sylvania), a manufacturer of color picture tubes and, at least up to 1966, a supplier of Zenith.[5] That action was tried during the week of

---

1. The patents are U. S. Patents Nos. 2,690,518, 3,179,836 and 3,222,172. The first two relate to the structure of color picture tubes, the third relates to a process for manufacturing such tubes.

2. 28 U.S.C. § 1391(b), (c). See Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938, 940–941 (S.D. N.Y.1967).

3. Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 424 n. 4 (2d Cir. 1965), cert. denied, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966).

4. Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co., 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

5. Affidavit of Milton R. Neaman, General Attorney for CBS, dated April 1,

February 5, 1968, and is presently awaiting decision by Judge Caffrey. It would hardly make sense to have two federal trial courts, only about two hundred miles apart, undertake resolution of identical issues when that waste of judicial manpower can be avoided, without injustice to the parties, by transferring the instant actions to Massachusetts where, it may be assumed, they too would be assigned to Judge Caffrey. Zenith and Rauland argue, quite correctly, that the validity of the process patent cannot be determined in the action against Lechmere, a non-manufacturer. It would seem that that issue, however, may be determined in the action against Sylvania which is a manufacturer. And surely it will be determined as between CBS and the instant plaintiffs if the latter's declaratory judgment actions are transferred to the Massachusetts court.

Neither the instant plaintiffs nor the issues raised in their actions have any particular connection with New York. Indeed, as far as appears, the only relevant transactions which occurred here were certain letter and telephone communications by CBS to counsel for Zenith and Rauland in 1965 concerning the latter's possible infringement of the patents in issue. Furthermore, Boston and New York are equally accessible from Chicago where Zenith and its patent counsel, who also represent Rauland, have their offices. Transfer of the cases to Boston, therefore, would not inconvenience the instant plaintiffs, whereas, as will appear, a denial of the transfer motions would inconvenience CBS. In view of all this, it is a fair inference that "forum shopping" played some part at least in the selection of this district as the forum for the instant actions.

It appears from unchallenged affidavits submitted by CBS that all of its documentary evidence concerning the relevant patents is now in Massachusetts either in the custody of Judge Caffrey or of Boston patent counsel for CBS. It also appears from those affidavits that many of these documents are "irreplaceable and their loss in transit would irreparably injure CBS."[6] Finally, CBS has listed the names of five former employees, all residents of Massachusetts, "who have first hand familiarity with the development of the inventions in suit," and also the name of a professor of electrical engineering at the Massachusetts Institute of Technology, who resides in Massachusetts and is the "patent expert" for CBS. Although it is not stated that these persons would be called as witnesses in the declaratory judgment actions, the affidavit of counsel for CBS notes that "none of the witnesses called by CBS in the * * * action against Sylvania reside within the jurisdiction of the Southern District of New York. These witnesses either reside in Massachusetts or in California."[7]

No injustice or inconvenience to Zenith or Rauland will result if the instant actions are transferred to the United States District Court for Massachusetts but substantial inconvenience to CBS will result if they are not so transferred. Moreover, transfer will avoid duplication of judicial time and effort and offer opportunity for speedier and more orderly resolution of, at least, the issue of the relevant patents' validity.

The motion of CBS to transfer these actions to the United States District Court for Massachusetts is granted. This makes moot its alternative motion for a stay of these actions.

The plaintiffs' motions are severally denied but with leave, if so advised, to move in the Massachusetts District Court

---

1968, par. 3. The initiation of that action would seem to show, contrary to the instant plaintiffs' suggestion, that CBS has not been delinquent in protecting its patents. CBS was surely not required to sue every alleged infringer at the same time.

6. Neaman affidavit supra note 5, par. 4. See Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., supra note 2, 267 F.Supp. at 943.

7. Affidavit of George W. Crowley, associate trial counsel for CBS, dated March 30, 1968, par. 7.

to restrain further suits by CBS against others than Lechmere who deal in television receivers which use products of the plaintiffs.

Settle order.