WILLIAM GLUCKIN & CO., Inc.,
Plaintiff,

v.

INTERNATIONAL PLAYTEX CORPO-
RATION, Defendant.

No. 68 CIV. 2189.

United States District Court
S. D. New York.

July 2, 1968.

Kenyon & Kenyon, by Theodore S. Kenyon, Hugh A. Chapin, Paul Lempel, New York City, for plaintiff.

Kane, Dalsimer, Kane, Sullivan & Smith, New York City, for defendant.

Memorandum Decision and Order
on Motion for Preliminary
Injunction

MOTLEY, District Judge.

This is an action for a declaratory judgment, and other relief, declaring invalid and not infringed by plaintiff, William Gluckin & Co., Inc., (Gluckin) a patent for brassieres owned by defendant. Plaintiff filed its complaint on May 28, 1968. Thereafter, on May 31, 1968, plaintiff moved for a preliminary injunction restraining defendant, pending the final adjudication of this action, from further prosecuting or bringing or threatening to bring any action against any customers, sellers or users of plaintiff's brassieres for alleged infringement of defendant's patent rights. More specifically, plaintiff seeks to restrain defendant from further prosecuting Civil Action No. 1220 pending in the United States District Court, Northern District of Georgia, Gainesville Division, in which the defendant, International Playtex Corporation (Playtex) is plaintiff and the F. W. Woolworth Company (Woolworth) a customer of plaintiff is the defendant. Plaintiff further seeks an order restraining defendant from charging or asserting that the manufacture, use or sale of brassieres manufactured and/or sold by plaintiff is in violation of or infringes upon defendant's patent.

The suit which plaintiff seeks to have this court enjoin was commenced on April 25, 1968, prior to the filing of the instant action. In that action against Woolworth defendant charges that Woolworth is infringing its patent by selling a certain style brassiere manufactured by Gluckin. Woolworth is represented in the Georgia suit by its general counsel who is located in New York City and who is in control of the Georgia action. Woolworth is a New York corporation with its principal place of business in New York. It has a chain of retail stores throughout the United States. The brassiere in question is manufactured by Gluckin and supplied to Woolworth by Gluckin. Woolworth sells

the article under its private brand name and mark "Primestyle". The package in which the article is sold is designed and made by Gluckin. The promotional materials used by Woolworth are prepared and supplied to it by Gluckin. Arrangements for the purchase of the article were made in New York City by a representative of Gluckin and one of the buyers of Woolworth who has his office in New York City. All of the terms of sale of the article were negotiated in New York City and then made the subject of a "listing" prepared by Woolworth and sent to its stores as the basis for ordering the article from Gluckin. Only Woolworth has been made a defendant in the Georgia action. Woolworth has advised the court that it will accept service of a summons and complaint in this District involving the same issues of patent infringement as are present in the Georgia action and consents to being joined in this District as a party with Gluckin in any action by or against Gluckin involving the same issues as the Georgia action. F. W. Woolworth Co. further states that it will admit that it sells a brassiere identified by defendants as *"Primestyle* Style No. F-7211" which it purchases for resale from Gluckin and that Woolworth used the packages, labels and promotional materials supplied by Gluckin. Woolworth has answered the Georgia action but the Georgia court has stayed the discovery in that case pending the further order of that court. The article which is the subject of the patent in suit is sold by Woolworth stores throughout the United States. The person connected with Woolworth who would have the most knowledge concerning the article in question would be the buyer for Woolworth in New York City. In addition, any other factual material which Woolworth has would have to be obtained in its New York office. No one connected with Woolworth's in Gainesville has any knowledge concerning the patent in suit. The manager of Woolworth's in its store in Gainesville, Georgia where the alleged infringement took place has no knowledge

except that which is already admitted, i. e. that he sells the brassiere style cited above. In short, Woolworth is simply a customer of Gluckin who would have to rely upon Gluckin for evidence relating to the manufacture, packaging and promotion of the article involved in this suit.

Plaintiff is a New York corporation with its main office and principal place of business in New York City. Gluckin has no salesmen, offices, warehouses, bank accounts, stocks of goods or display rooms in Georgia and is not licensed to do business there. Gluckin's manufacturing plants are located in Pittston and Glen Lyon, Pennsylvania. Its design facility is located in New York City. Gluckin sells and distributes its products, including brassieres, principally to customers for ultimate sale to the public throughout the United States. Gluckin's documentary evidence relevant to this case is located in New York City and Pittston, Pennsylvania.

On or about April 19, 1966, Gluckin received at its New York City office a written notice of infringement from defendant. Woolworth received a similar notice at its New York City office about the same time. At a subsequent meeting between Gluckin's attorneys and those for defendant Gluckin denied infringement. Defendant subsequently brought suit against Woolworth in Georgia. Defendant is represented in Georgia by the same New York attorneys which represent it in this action.

Defendant Playtex is a Delaware corporation having a main office and principal place of business in New York City. Its marketing and purchasing activities are located in New York. Its design centers are located in New Jersey where its brassieres are designed. The alleged inventor of defendant's patent resides in West Englewood, New Jersey. Defendant's records relating to the alleged invention are located in New York and Georgia. Some of its witnesses who have knowledge of the patent reside in and about New York City. Playtex has five manufacturing plants. One of Playtex's

plants is located in Puerto Rico, one in Alabama and three in Georgia. Playtex chose Gainesville, Georgia as the place of suit because of the location of its plants in that state and because the alleged infringement took place there. It claims that some of its employees in its Georgia plants will be important witnesses in the action there and that their unique knowledge of the manufacturing process is important to that infringement suit. Playtex also claims that it brought suit in Georgia because of the economic interest in defendant and its employees in Georgia in preserving the substantial volume of business of defendant's patented product.

Gluckin claims that it is threatened with irreparable injury by the Georgia suit which it says is a collateral attack on it via one of its major retail customers. Gluckin fears the suit will lead to impairment of its business with Woolworth and other customers. Finally, Gluckin claims that if it is required to defend Woolworth in Georgia it will be subjected to great inconvenience and added expense.

■ The court finds defendant's reasons for bringing suit against Woolworth in Georgia not very persuasive and concludes that although the Georgia suit was the first filed, it should be enjoined pending the final disposition of the instant case.

■ The rule in this circuit is that the first filed suit in a controversy of this kind may not be enjoined unless there are special circumstances which justify giving priority to the second action. Mattel, Inc. v. Louis Marx & Co., Inc., 353 F.2d 421 (2d Cir. 1965); Zenith Radio Corp. v. Columbia Broad-

casting System, Inc., 284 F.Supp. 682, (S.D.N.Y., 1968); Sybil Ives, Inc. v. Helene Curtis Industries, Inc., 249 F. Supp. 865 (S.D.N.Y.1965); Delamere Co., Inc. v. Taylor-Bell Co., Inc., 199 F. Supp. 55 (S.D.N.Y.1961). There are two situations which have been held to constitute such special circumstances. The first is where "forum shopping" alone appears to be the sole reason for the choice of the forum of the first action. The second is where the first action is against a customer of an alleged infringer while the second involves the alleged infringer himself.[1] The instant case falls into the second category and presents a situation which parallels the *Delamere* case, supra.

There as here the first suit was a customer action. It was brought against the same customer here, Woolworth. The second action involved the alleged infringer who there as here had indemnified Woolworth against claims. There as here New York is "the natural theatre for this war."[2] In Delamere the manufacturer could not be made a party in Virginia where the customer action was filed. The same appears to be the case here. There are numerous other parallels: the earlier letters to Gluckin and Woolworth may be viewed as the real beginning of this dispute; Woolworth has consented to be made a party here, and is amenable to process here; all of the corporations involved have offices and principal places of business in New York City; most of the witnesses whose testimony would be relevant reside in or near New York City and much documentary evidence is located here; Woolworth would have to look to Gluckin in any event to supply evidence in its

1. Defendant places primary reliance on one case decided by the Court of Appeals of this Circuit wherein the court upheld the refusal of a district judge to enjoin a first filed customer's action on the ground that the district court "could properly find that no injustice will be done" to the manufacturer who filed the second suit by enjoining its action and on the ground that the patentee was not harassing the manufacturer's customers.

United States Time Corp. v. Hamilton Watch Co., 327 F.2d 338 (2d Cir. 1964.) It should be noted that this case predates the *Mattel* case and the others cited supra which defendant neither cites nor discusses in its opposing memorandum.

2. Delamere Co. v. Taylor-Bell Co., supra, 199 F.Supp., at 56, see also Kerotest Mfg. Co. v. C-O-Two Co., 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

defense in the Georgia action; all parties are represented by New York counsel; the convenience of the major witnesses would unquestionably be better served by a New York venue.

An injunction, therefore, will issue enjoining defendant, pending the outcome of the instant case, from proceeding in the Georgia action. Defendant has filed another customer action in Georgia against Montgomery Ward in the Middle District. That suit against another customer is unrelated to this action since Montgomery Ward is not a customer of Gluckin. Although defendant says that its policy is to see that defendant's patent rights are respected and enforced through litigation, the court does not construe this as a threat to harass the plaintiff by suit against its other customers pending the outcome of this suit. There is presently no factual basis for any further injunction at this time.

The foregoing constitutes the court's findings of fact and conclusions of law. The defendant is enjoined, pending the final disposition of this action, from proceeding with the suit against Woolworth in the United States District Court, Northern District of Georgia, Gainesville Division.

So ordered.