**Arthur ASHE, Plaintiff,**

v.

**PEPSICO, INC., Defendant.**

**No. 77 Civ. 1936 (HFW).**

United States District Court, S. D. New York.

July 27, 1977.

Gottlieb, Rackman & Reisman, P. C., New York City, for plaintiff; George Gottlieb, New York City, of counsel.

Pattishall, McAuliffe & Hofstetter, Chicago, Ill., Layton & Sherman, New York City, for defendant; David C. Hilliard, Chicago, Ill., Fred Sherman, New York City, of counsel.

## MEMORANDUM DECISION

· WERKER, District Judge.

This action for a declaration of noninfringement and related declaratory and equitable relief is brought by plaintiff Arthur Ashe, a tennis player of wide reknown, against defendant Pepsico, Inc., a corporation which manufactures sporting goods under the name of its division, the Wilson Sporting Goods Co. ("Wilson"). A related suit for trademark infringement and dilution and unfair competition is presently pending in the United States District Court for the Northern District of Illinois. Both actions arise out of Pepsico's charge that Ashe, together with the American Optical Company, which is Ashe's licensee, by using the name "Advantage Ashe" in connection with the advertising, manufacturing and distribution of special eyeglasses for tennis players,[1] have infringed Pepsico's rights under its registered "Advantage" trademark, used to identify Wilson's line of tennis rackets and golf equipment.

The two actions were filed on the same day. Pepsico contends that the action before this court (the "New York action") was instituted in anticipation of Pepsico's commencement of its suit in the Northern District of Illinois (the "Illinois action")[2] and has moved, pursuant to Rule 12(b), Fed.R. Civ.P., to dismiss the New York action on that ground. As he has cross-moved, pursuant to Rule 65, Fed.R.Civ.P., to enjoin Pepsico from proceeding with the Illinois action until the New York action is resolved.

At the outset, it is clear that the common question of trademark infringement cannot be litigated before two different federal district courts. *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir.

1970). Accordingly, on the papers now before me, either the complaint in the New York action must be dismissed or prosecution of the Illinois action enjoined.

■ Pepsico claims that Ashe filed the complaint in the New York action in anticipation of the Illinois action being brought and after prevailing on Pepsico to refrain from filing the complaint in the Illinois action so that Ashe could draft a declaratory judgment complaint while settlement discussions were being held. If that were shown to be true, the New York action could easily be dismissed. *See e. g., E. F. Hutton & Co. v. Cook*, 292 F.Supp. 409, 410 (S.D.Tex.1968). However, counsel for Ashe strenuously disputes Pepsico's claim and avers that the complaint in the New York action was ready for filing at a substantially earlier time. Affidavit of Francis H. Craighill, III, Esq., ¶ 7. As a consequence, it is impossible for me to conclude that Ashe unfairly obtained a head start in the parties' race to the courthouse, *cf. Kerotest Manufacturing Co. v. C–O Two Fire Equipment Co.*, 342 U.S. 180, 185, 72 S.Ct. 219, 96 L.Ed. 200 (1952) (patent suit), and Pepsico's motion to dismiss the complaint in the New York action must be denied.

■ But the question remains: in which of the two jurisdictions can the question of trademark infringement best be resolved? *See generally Carter-Wallace, Inc. v. Ever-Dry Corp.*, 290 F.Supp. 735, 740 (S.D.N.Y. 1968) (Mansfield, J.). In making this determination, the court cannot resort to the usual rule of thumb according priority to the suit which is first in time, see *Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974); *National Equipment Rental, Ltd. v. Fowler*, 287 F.2d 43, 45 (2d Cir. 1961); *Zenith Radio Corp. v. Columbia Broadcasting Systems, Inc.*, 284 F.Supp. 682, 683 (S.D.N.Y.1968), for both of the actions under consideration here were instituted on the same day. Rather, the court must look to the balance of convenience between the available fo-

---

1. The eyeglasses have yellow-tinted lenses which improve the wearer's ability to see tennis balls under low light conditions.

2. *Pepsico, Inc. v. American Optical Corp.*, No. 77–1384 (N.D.Ill., filed Apr. 21, 1977).

rums. *Sybil Ives, Inc. v. Helene Curtis Industries, Inc.*, 249 F.Supp. 865, 868–69 (S.D.N.Y.1965); *see Carter-Wallace, Inc. v. Ever-Dry Corp., supra.* When this is done, it is clear that it is the New York action which should proceed.

■ Although Ashe is a resident of Florida, during the course of his business he uses an apartment in the City of New York and all of his records relating to the use of the term "Advantage Ashe" are located either in that apartment or in the offices of his counsel, Dell, Craighill, Fentress & Benton, in Washington, D. C. Consequently, it would be much more convenient for him to participate in the action pending before this court. It also seems likely that many of the witnesses for Ashe (primarily his licensees) would find it more convenient to testify in the Southern District of New York, because they are located in New York City or because this court is closer to their place of business than the Northern District of Illinois. Indeed, to the extent that Ashe's witnesses prove reluctant to testify, it seems likely that they could not be compelled to appear in the Northern District of Illinois.

Pepsico, on the other hand, does not allege that it will be injured in any way should trial of its claims take place before this court, and whatever difficulties it might encounter would be minimized by its ability to control the actions of Wilson's employees. Furthermore, although the Wilson division of Pepsico is headquartered in River Grove, Illinois, Pepsico itself has its principal place of business in Purchase, New York, which is within the Southern District of New York. Thus, the only factor in favor of hearing in Pepsico's claims in the Northern District of Illinois—the fact that Wilson has its base of operations there—is more than outweighed by the factors favoring trial of those claims here.

This conclusion is not altered by the fact that American Optical, which Pepsico contends is an indispensable party to the trademark infringement dispute, has only been named as a party in the Illinois action, for American Optical is apparently qualified to do business and maintains offices and manufacturing facilities in this state. Thus, if American Optical is indeed an indispensable party, either Ashe or Pepsico can easily join it as a party to the action pending before this court. Any additional claims by Pepsico may also be raised as counterclaims in Pepsico's answer to the declaratory judgment complaint.

It is, furthermore, more prudent to proceed with the New York action, since Ashe has raised serious questions concerning the jurisdiction of the Illinois court. Under Rule 4(e) of the Federal Rules of Civil Procedure, when a statute "of the state in which the district court is held" provides for service upon a defendant not resident in that state, service may be effected "under the circumstances and in the manner" provided by the state. Pepsico contends that Ashe could therefore be served out-of-state pursuant to section 17(1)(b) of the Illinois Civil Practice Act, Ill.Ann.Stat. ch. 110, § 17(1)(b) (Smith-Hurd 1968) which provides for service upon a defendant who is not a resident of Illinois when he (or his agent) has engaged in the "commission of a tortious act within th[e] State" of Illinois which gives rise to the cause of action asserted against him there. In construing the term "tortious act," the Illinois Supreme Court has held that it applies not only to wrongful acts or conduct within Illinois, but also to acts or conduct occurring without the state but causing injury within. *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 438, 176 N.E.2d 761, 763 (1961).

In the *Gray* case, an Ohio manufacturer of safety valves for hot water heaters sold an allegedly defective valve to a water heater manufacturer located in Pennsylvania. The Pennsylvania manufacturer assembled the heater and shipped it to a customer in Illinois who sold it at retail. The heater later exploded, causing the plaintiff to be injured in Illinois. The Illinois court held that, under the described circumstances, the injury alone sufficed to support the state's exercise of jurisdiction, observing that:

it is not unreasonable, where a cause of action arises from alleged defects in [a manufacturer's] product, to say that the use of such products in the ordinary course of commerce is sufficient contact with this State to justify a requirement that he defend here.

22 Ill.2d at 441, 176 N.E.2d at 766. However, the *Gray* court impliedly recognized that there might be instances where application of its holding could lead to the denial of a defendant's constitutional right to due process of law. *Id.*

Pepsico does not contend that Ashe himself manufactured or distributed the allegedly infringing eyeglasses, nor do they contest his statement that within the past year he has only been to Illinois to appear at an exhibition tennis tournament. Arguably, then, Ashe's licensing activities alone might not rise to the level of those "minimum contacts" with the state of Illinois which must be present if maintenance of the suit is to meet "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), citing *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *cf. Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) (*quasi-in-rem* jurisdiction limited by application of "minimum contacts" test). That issue is, of course, not before me, however its potential assertion[3] strengthens my belief that efficient resolution of the controversy between the parties can best be achieved by prosecuting the New york action first.[4] *Sybil Ives, Inc. v. Helene Curtis Industries, Inc., supra*, 249 F.Supp. at 869.

3. Although Pepsico contends that "all of the parties to [the New York] action, plus American Optical Corp., are before the Illinois court," Defendant's Memorandum at 3, Ashe avers that as of May 19, 1977 he had not been served in the Illinois action, Affidavit of Arthur Ashe at 3.

4. Pepsico cites several cases in support of its contention that the Illinois court has jurisdiction over Ashe, however, each involves parties who either produced or distributed products alleged to cause an infringement in Illinois.

Ashe's motion is therefore granted and Pepsico is enjoined from proceeding with the Illinois action. As has been noted, Pepsico's motion to dismiss the complaint in the instant action is denied.

SO ORDERED.

*Technical Publishing Co. v. Technology Publishing Corp.*, 339 F.Supp. 225 (N.E.Ill.1972); *Waltham Watch Co. v. Hallmark Jewelers, Inc.*, 336 F.Supp. 1010 (N.D.Ill.1971); *Swift & Co. v. Farmers Produce Co.*, 167 U.S.P.Q. 448 (N.D.Ill. 1970). Ashe, on the other hand, is neither the manufacturer nor the distributor of the eyeglasses in question; rather, his only action was to execute a license agreement outside the state of Illinois. That may not be sufficient contact with Illinois to meet the requirements of *International Shoe*.