**MENTOR GRAPHICS CORPORATION,**
an Oregon corporation, Plaintiff,

v.

**TRIMETER TECHNOLOGIES CORPORATION,** a foreign corporation, Defendant.

**Civ. No. 90–347–FR.**

United States District Court,
D. Oregon.

June 12, 1990.

Stephen S. Walters, Glenn J. Hovemann, Stoel Rives Boley Jones & Grey, Portland, Or., for plaintiff.

Michael P. Opton, Opton, Galton & Rosenthal, Portland, Or., Thomas C. Wettach, Reed Smith Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

FRYE, District Judge:

The matters before the court are:

1. the motion (# 5) of defendant, Trimeter Technologies Corporation (Trimeter), to dismiss or stay this action pending the outcome of an action in the Western District of Pennsylvania; and

2. the motion (# 8) of plaintiff, Mentor Graphics Corporation (Mentor), to enjoin Trimeter from proceeding with the action filed in the Western District of Pennsylvania.

## BACKGROUND

This is an action for a declaratory judgment regarding the obligations of the parties to an Asset Purchase Agreement (the Agreement), pursuant to which Mentor acquired certain computer software products from Trimeter. On the same day that this action was filed, April 13, 1990, Trimeter filed an action for breach of the Agreement in the United States District Court for the Western District of Pennsylvania. In the Pennsylvania action, Trimeter also seeks damages on the grounds that Mentor fraudulently induced Trimeter to enter into the Agreement, but does not state these allegations as a separate claim. No proceedings have taken place in the Pennsylvania action.

Mentor is a corporation organized under the laws of the State of Oregon, with its principal place of business in the State of Oregon. Mentor designs, manufactures, markets and services electronic, design automation software and systems. Trimeter is a corporation organized under the laws of the State of Nevada. When the Agreement was executed, on July 1, 1989, Trimeter was incorporated under the laws of the Commonwealth of Pennsylvania, and was in the business of developing and marketing logic synthesis software. On December 29, 1989, Trimeter was merged into its wholly owned Nevada subsidiary, TTC, Inc. Trimeter, the surviving corporation, was thereafter a Nevada corporation.

Under the Agreement, Mentor bought certain assets of Trimeter, principally computer software products. The compensation under the Agreement includes royalty payments based on Mentor's sales of the Trimeter technology for a period of four years, as well as an initial payment.

After the merger and the transfer of the bulk of Trimeter's assets to Mentor under the Agreement, the predominant focus of Trimeter's business activity became the monitoring of Mentor's performance under the Agreement. This monitoring function is performed by legal counsel for Trimeter in offices located in Pittsburgh, Pennsylvania. All of Trimeter's corporate records and Trimeter's documents regarding the negotiations between Trimeter and Mentor are kept in the offices of legal counsel in Pittsburgh. Certain former employees of Trimeter are now employed by Mentor in the State of Oregon, including Dr. Jin Kim, the president of Trimeter, and Dr. Rostam Joobbani, the vice president of Trimeter.

## ANALYSIS AND RULING

Trimeter asks the court to dismiss or to stay this action pending the outcome of the Pennsylvania action. Mentor asks the court to enjoin Trimeter from prosecution of the Pennsylvania action. The parties agree that the litigation should not be pursued in two courts at once. Thus, the task

before the court is to determine whether the District of Oregon or the Western District of Pennsylvania is the more appropriate forum for this dispute.

■ This court has the power to grant the relief requested by either party. A court may in its discretion dismiss a suit for declaratory judgment if the same issue is pending in litigation elsewhere. *Bergh v. Washington,* 535 F.2d 505, 507 (9th Cir. 1976). A federal court can also enjoin the prosecution of an action where the same issues are presented in another federal court. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843–44 (9th Cir. 1986).

■ Ordinarily, there is a presumption in favor of the plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). However, where two parties file actions simultaneously, the party seeking declaratory judgment stands on equal footing with the party seeking the traditional remedy, unless the party seeking declaratory judgment unfairly took advantage of the other in a race to the courthouse. *Ashe v. Pepsico, Inc.,* 443 F.Supp. 84, 85 (S.D.N.Y.1977).

■ The undisputed facts show that Trimeter and Mentor had been negotiating for several months prior to April 13, 1990 in an attempt to resolve Trimeter's claims under the Agreement. On March 16, 1990, Trimeter sent a letter to Mentor which stated that Trimeter would continue to work with Mentor to reach a solution, and that thirty days should be adequate to agree or to finally disagree. On April 12, 1990, counsel for Trimeter called counsel for Mentor and advised that Trimeter was going to file suit the next day. Mentor filed this action at 9:57 a.m. PDT on April 13, 1990. Trimeter filed its action in the Western District of Pennsylvania less than an hour later, at 1:17 p.m. EDT.

Mentor submits the affidavit of its vice president, Frank S. Delia, who states that Mentor had decided in late 1989 that it would file an action for declaratory judgment in the District of Oregon if negotiations with Trimeter broke down. Delia states that Mentor was preparing a response to Trimeter's letter of March 16, 1990 when it received the message that Trimeter intended to file suit, and that Mentor therefore proceeded to draft and to file the complaint for a declaratory judgment in this district.

These facts are very similar to the facts in *Ashe v. Pepsico, supra,* where the court declined to find that Ashe acted in bad faith in filing an action for declaratory judgment in the State of New York on the same day as Pepsico filed a complaint in the State of Illinois. The court in *Ashe* found it significant that Ashe had prepared the declaratory judgment complaint at a substantially earlier time, but refrained from filing the complaint while settlement negotiations were proceeding. 443 F.Supp. at 85.

The court declines to find that Mentor acted in bad faith or in anticipation of Trimeter's filing of the Pennsylvania suit. Therefore, Trimeter's choice of forum is not entitled to any greater weight than Mentor's choice of forum. The court declines to accept Trimeter's argument that it is the "real plaintiff" in this dispute, and that Mentor's action is not a proper action under the Declaratory Judgment Act.

■ Where a declaratory action presents issues which would necessarily be settled by another pending state or federal action, the court should weigh the relative merits of each of the two actions as of the time of the hearing on the motion to dismiss. *McGraw–Edison Co. v. Preformed Line Products Co.,* 362 F.2d 339, 343 (9th Cir.), *cert. denied,* 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966). The action filed in the District of Oregon and the action filed in the Western District of Pennsylvania concern the same parties and the same transaction. Trimeter argues that the suit filed in the Western District of Pennsylvania is the more comprehensive, as it would not only declare the rights and obligations of the parties, but could also provide the relief sought by Trimeter in its claims for breach of contract and fraud.

Mentor responds that Trimeter could easily assert its claims for relief as counter-

claims in this action. The court finds that although the action filed in the Western District of Pennsylvania is more comprehensive at this time, there is no reason why this court could not resolve the entire dispute within the framework of this action.

■ In exercising its discretion to determine whether this action should go forward, the court may consider the relative convenience, expediency and efficiency of the two forums. 6A *Moore's Federal Practice,* para. 57.08[6.–1] at 57–60 (2d ed. 1989). The courts have relied on the factors listed in *Piper Aircraft, supra,* 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6:

The factors pertaining to the private interests of the litigants included "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." The public factors bearing on the question included the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. (Citation omitted).

Trimeter contends that the bulk of the documentary evidence in this case is stored in the State of Pennsylvania at the offices of its counsel. Mentor argues that an even greater proportion of the documentary evidence is located in the State of Oregon, including Mentor's records pertaining to the negotiations which led to the Agreement, as well as Mentor's records concerning its performance under the Agreement. It appears that significant amounts of documentary evidence are located in the District of Oregon and in the Western District of Pennsylvania, but that the records located in the District of Oregon may concern a broader range of issues than the records located in the Western District of Pennsylvania.

One of the factors which may be significant in this case is the amenability to service of witnesses and the convenience of witnesses. Trimeter contends that all of Mentor's witnesses are employees of Mentor, and are thus amenable to service, whereas several witnesses of Trimeter may not be compelled to testify in the District of Oregon. Trimeter identifies two former employees and three former members of the Technical Advisory Board of Trimeter who are residents of the Western District of Pennsylvania, and who cannot be compelled to come to the District of Oregon. Trimeter argues that the testimony of these witnesses is necessary to show the nature and development of Trimeter's products and to prove Trimeter's sales and market position relative to competing products in the period prior to the Agreement.

Mentor does not identify any witnesses who could not be compelled to come to the Western District of Pennsylvania for trial. The courts have found it a significant factor when necessary witnesses cannot be brought to one of the available forums. If Trimeter cannot compel witnesses whose testimony would be critical to come to the District of Oregon, the action should probably go forward in the Western District of Pennsylvania. However, Trimeter has not stated whether any of the Pennsylvania witnesses would appear voluntarily in the District of Oregon, or that the testimony of the Pennsylvania witnesses is critical to Trimeter's case and that such testimony cannot be provided by Trimeter's president or vice president, who are now residents of the State of Oregon.

With respect to the convenience of witnesses, Mentor argues that most of the necessary witnesses are located in the District of Oregon, or in an adjoining state, and that relatively few witnesses are located in the Western District of Pennsylvania. This contention appears to be correct. Witnesses located in the District of Oregon

include the Mentor employees who negotiated the agreement for Mentor; Dr. Kim and Dr. Joobbani, who negotiated the Agreement for Trimeter; the Mentor employees who are involved with the performance of the Agreement; and the Mentor employees who negotiated Mentor's acquisition of Silicon Compiler Systems. A few other Mentor employees are residents of other West Coast states. Trimeter's principal shareholders are residents of the State of California.

The only witnesses located in the Western District of Pennsylvania are the five former employees and advisory board members of Trimeter discussed above and Trimeter's counsel. Although trial in either forum would entail cost and inconvenience to out-of-state witnesses, it appears that trial in the District of Oregon would be somewhat less inconvenient than trial in the Western District of Pennsylvania.

With respect to the public factors which may be considered, the parties argue at length regarding the "local interest" of the States of Oregon and Pennsylvania in this litigation. Both states have some connection with this controversy, as Trimeter was doing business in the State of Pennsylvania when the Agreement was negotiated and executed, and Mentor has been doing business in the State of Oregon at all relevant times. The interest of the State of Pennsylvania in this controversy is now somewhat attenuated as Trimeter is no longer incorporated under the laws of the State of Pennsylvania and has ceased doing business other than to monitor Mentor's performance of the Agreement. However, this factor weighs only slightly in favor of Mentor's position and is not determinative.

The other relevant factor is the public interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action. Section 16.5 of the Agreement states that the Agreement is to be construed in accordance with the law of the State of Oregon. Therefore, this factor weighs in favor of Mentor's position.

An additional factor noted in the *Piper Aircraft* decision is whether trial in a particular forum would cause oppression and vexation to a defendant out of all proportion to the plaintiff's convenience. 454 U.S. at 241, 102 S.Ct. at 258. As discussed above, trial in either forum would cause expense and inconvenience to one of the parties. With the possible exception of the problem of a few witnesses who could not be compelled to appear in the District of Oregon, neither forum would be unduly oppressive or vexatious to a party.

### CONCLUSION

Trimeter's motion (# 5) to dismiss or stay this action pending the outcome of an action in the Western District of Pennsylvania is denied; and

Mentor's motion (# 8) to enjoin Trimeter from proceeding with the action filed in the Western District of Pennsylvania is granted.