**SUNDSTRAND CORPORATION,**
Plaintiff-Appellee,

v.

**AMERICAN BRAKE SHOE COMPANY,**
Defendant-Appellant.

**No. 13919.**

United States Court of Appeals
Seventh Circuit.

March 4, 1963.

Rehearing Denied April 16, 1963.

Richard R. Trexler, Chicago, Ill., Donald N. MacIntosh, Chicago, Ill., of counsel, for appellant.

William J. Stellman, Lloyd W. Mason, William R. McNair, Chicago, Ill., Hofgren, Brady, Wegner, Allen & Stellman, Chicago, Ill., of counsel, for appellee.

Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

The principal question is whether a patent owner who has sued a customer of an alleged infringing manufacturer may be required to involuntarily litigate his action against the customer in a subsequently filed declaratory judgment action initiated by the manufacturer against the patent owner by the court, sitting in another district, having jurisdiction of the later filed declaratory judgment action.

To show the facts as succinctly and understandably as possible a diagrammatic presentation may be more helpful than a recital.

| | Date Filed | District | Parties |
|---|---|---|---|
| Suit 1. | June 11, 1962 | Colorado | American Brake Shoe (A Delaware Corporation) v. Sundstrand Corporation (an Illinois Corporation) Claim of infringment by Sundstrand of American Brake Shoe's three patents, 2,502,546, 2,455,330 and Re 24,048. |
| Suit 2. | June 12, 1962 | Maryland | American Brake Shoe v. Warner-Fruehauf Trailer Company, Inc. and Duralite Manufacturing Company, (both Maryland corporations and customers of Sundstrand). Claim of infringement of American Brake Shoe's patents. |
| Suit 3. | July 3, 1962 | Northern District of Illinois | Sundstrand v. American Brake Shoe. Action for declaration that American Brake Shoe's patents are invalid and/or not infringed. |

This was the posture of the three suits on July 25, 1962, when Sundstrand moved for an injunction restraining the further prosecution of the Maryland suit and enjoining the filing of any additional infringement suits against it or its customers. The District Court for the Northern District of Illinois granted a temporary restraining order contingent on the defendants in the Maryland action filing their voluntary appearance in the Illinois suit. In effect, the order placed in the hands of the defendant customers in the Maryland suit the power to transfer that suit to the Northern District of Illinois without the consent of the patentee-plaintiff or the Maryland District Court.

The United States Supreme Court in Kerotest Mfg. Co. v. C-O-Two Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952), laid down guidelines for the lower courts in handling the complex multiple suit, multiple party, and *forum non conveniens* problems that arise in patent actions. While the Supreme Court therein established a broad area of discretion in the District Courts to enable them to properly regulate the course of complicated litigation in these

areas, nowhere in the opinion can we find authority for the action of the Illinois District Court in the instant case.

In Kerotest the patent owner filed an action for infringement against a customer of the manufacturer alleged to be infringing. This action was started in Illinois. By amendment the manufacturer was added as a defendant, but prior to the amendment the manufacturer had instituted a Declaratory Judgments Act[1] suit against the patentee in Delaware. The District Court in Delaware enjoined the patentee from proceeding in the Illinois suit against the manufacturer and refused to stay the Delaware action. The Court of Appeals for the Third Circuit reversed and the Supreme Court affirmed.

While the fact situations in Kerotest and the instant case are not exactly parallel, it is to be noted that in Kerotest, the final disposition permitted the first filed suit to proceed. Moreover, in each of the cases referred to by the Court in its footnote (fn. 3 at 184, 72 S.Ct. at 221) it was the prosecution of a subsequently filed suit that was sought to be enjoined or stayed.

As to the problem which faced the trial judge in the case at bar, we believe the Supreme Court's language in Kerotest is significant:

"The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart. If he is forehanded *subsequent suits against him* by the patentee can within the trial court's discretion be enjoined pending determination of the declaratory judgment suit, *and a judgment in his favor bars suits against his customers*. If he is anticipated, the court's discretion is broad enough *to protect him from harassment of his customers*. If the patentee's suit against a customer is brought in a district where the manufacturer cannot be joined as a defendant, the manufacturer may be permitted *simultaneously* to prosecute a declaratory action against the patentee elsewhere. And if the manufacturer is joined as an unwilling defendant in a *forum non conveniens*, he has available upon an appropriate showing the relief provided by § 1404(a) of the Judiciary Code. 62 Stat. 869, 937, 28 U.S.C. § 1404(a)." (Emphasis supplied.)

The Supreme Court recognized the right of a litigant to initially choose his forum—even where this involves a "race to the courthouse." American Brake Shoe had a statutory right for which it sought vindication in the Maryland court. Its right was separate and independent from that against the alleged infringing manufacturer, and such right, sanctioned by statute, ought not be interfered with except for compelling reasons. 35 U.S.C. §§ 271, 281; Birdsell v. Shaliol, 112 U.S. 485, 488, 5 S.Ct. 244, 28 L.Ed. 768 (1884); Minnesota Mining & Mfg. Co. v. Polychrome Corp., 267 F.2d 772 (7th Cir. 1959).

The Supreme Court in Kerotest gave its approval to the normal procedural safeguards used to protect litigants from having to do battle in an improper forum. One of these safeguards is the application of the doctrine of *forum non conveniens* under the provision of section 1404(a)[2] of the Judicial Code. Here, the District Court did not enjoin the suit between the patentee and the alleged infringing customer because of frivolousness or because it constituted harassment of Sundstrand's customers; rather it ordered the patentee to seek its remedy in the Illinois court should the

1. 48 Stat. 955, 28 U.S.C. §§ 2201, 2202.

2. 28 U.S.C. § 1404(a) reads:
"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

customers choose to make an appearance in that court. This was an application of the *forum non conveniens* doctrine not sanctioned by section 1404(a) of the Judicial Code. A motion for transfer under that doctrine could only be made in the Maryland District Court, and the District Court for the Northern District of Illinois usurped the prerogative of that court. We say this having in mind the restraining order granted contingent on the customers appearing in the Illinois action—an injunction, in effect, against the forum and not against the cause of action between the parties.[3]

We believe that "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel * * * " [4] the exercise of the Maryland court's discretion by the court in Illinois. We say this being mindful of the Supreme Court's acknowledgment that the Declaratory Judgments Act does not place in the manufacturer or the customer the right to choose his forum by abrogating the traditional race to the courthouse. Sundstrand may move to intervene in the Maryland case and then move for a *forum non conveniens* transfer to the Northern District of Illinois or the customers may make the motion on their own behalf. We are not prepared to say that that court, in such a contingency, would fail to properly exercise its discretion.

The remaining question is the propriety of the District Court's exercise of its discretion in enjoining future suits or charges of infringement by American Brake Shoe against customers and users of Sundstrand's products. Here, we are confronted with an actual prohibition of suits rather than with a dictation of the forum in which the suit is to proceed. Again we look to Kerotest. The Supreme Court did not say that suits against customers should be enjoined at the unrestricted discretion of the District Court; it said that "the court's discretion is broad enough to protect him [the manufacturer] from *harassment* of his customers." (Emphasis supplied.) It said this in the same paragraph wherein it acknowledged that "a judgment in his [manufacturer's] favor bars suits against his customers." We believe that the two statements when read together stand for the proposition that at least harassment or probable harassment must be demonstrated before rendering nugatory the important and valuable right given by statute to a patentee. It is only when he loses his suit against the manufacturer that a patentee surrenders his rights against customers of the manufacturer. Until then his right to sue customers and users is protected by statute and only a superior equitable right may interfere with it. We think the Supreme Court used the word "harassment" advisedly. A finding of harassment or the probability thereof is a necessary prerequisite to the exercise of the District Court's discretion in restraining suits against customers. Absent such evidence in the instant case, the District Court lacked proper grounds when it enjoined American Brake Shoe from protecting its statutory right. There is nothing in the record to indicate that the suit against the customers was brought in anything but good faith and for a legitimate purpose. The burden was on Sundstrand, who sought the injunctive relief, to show otherwise.

The fact that the District Court issued the restraining order contingent on the appearance of the Maryland defendants in the Illinois suit was a tacit recognition of a patentee's right to sue customers of the manufacturer. Moreover, it would indicate the Maryland suit is not frivolous on its face. Furthermore, the record is barren of any indication that American Brake Shoe had threatened other customers of Sundstrand with litigation. We hold that the District Court

3. During the pendency of this appeal the defendants in the Maryland case have filed in the Illinois District Court their motion for leave to intervene in the instant action. We do not regard this fact as being legally significant for the resolution of the issues before this Court.

4. See Kerotest, at 183, 72 S.Ct. at 221.

had no factual basis upon which to base its exercise of discretion restraining American Brake Shoe from "instituting any further suits or making further charges of infringement."

We are aware that the Colorado District Court recently transferred the suit filed in that court to the Northern District of Illinois on the ground that venue had been improperly laid in the Colorado District, 28 U.S.C. § 1400(b). If the Colorado suit, the first filed of the three actions, had been filed initially in Illinois, the two questions before us would remain unaltered and no change in the result reached or in the rationale employed by us in arriving at our decision would be required.

The temporary restraining order is reversed.