**MATTEL, INC., Plaintiff-Appellee,**

v.

**LOUIS MARX & CO., Inc., Defendant-Appellant.**

**No. 87, Docket 29719.**

United States Court of Appeals Second Circuit.

Argued Oct. 26, 1965.

Decided Dec. 7, 1965.

**422**

Walter S. Beck, New York City (Louis Nizer and Albert F. Smith, Phillips, Nizer, Benjamin, Krim & Ballon, New York City, on the brief), for plaintiff-appellee.

Harold I. Kaplan, New York City (James K. Silberman, Blum, Moscovitz, Friedman, Blum & Kaplan, New York City, on the brief), for defendant-appellant.

\* Sitting by designation.

1. On December 8, 1964 Mattel had filed a complaint against Marx and one of its customers in the District Court for the Southern District of California, alleging

Before LUMBARD, Chief Judge, SMITH, Circuit Judge, and LEVET,\* District Judge.

LUMBARD, Chief Judge:

The issue on this appeal is whether the District Court for the Southern District of New York erred in granting plaintiff's motion to stay an action pending in the District Court for the District of New Jersey between the same parties in what we find to be the same controversy. We conclude that, because the New Jersey suit was the one first filed and because there are no overriding reasons why the Southern District suit should first proceed to trial, the order of the district court should be reversed and the Southern District should stay the action there pending and vacate its order enjoining the plaintiff in the New Jersey action from proceeding there.

Mattel, Inc. and Louis Marx & Co., Inc. are manufacturers and distributors of children's toys. Mattel is a California corporation with its principal offices in Los Angeles. Marx is a New York corporation with its principal offices in New York City. Both corporations manufacture and distribute a motor-simulating toy which is attached to the wheels of a child's bicycle or tricycle. Mattel calls its toy "V-RROOM" while the Marx toy's name is "ZA-ZOOOM."

On December 15, 1964, U. S. Trademark Registration No. 781,706 was issued to Mattel on its trademark "V-RROOM" and Patent No. 3,160,984 was issued to one John W. Ryan on a "Motor Simulating Toy," the rights to which allegedly had been assigned to Mattel.

On December 18, Marx filed suit against Mattel in the District Court for the District of New Jersey seeking a declaratory judgment of non-infringement and invalidity of the trademark, "V-RROOM." [1] Mattel employs nearly

a violation of the Lanham Trademark Act, 15 U.S.C. § 1051 et seq. Since Marx does no business in California, it was not served with process. This action is still pending.

150 people in its toy manufacturing plant in Holmdel, New Jersey, and process was served on Mattel's appointed resident agent on December 22.

▉▉▉ On December 23, Mattel brought suit against Marx in the District Court for the Southern District of New York alleging "wilful and wanton" trademark and patent infringement in the continued manufacture and distribution of "ZA-ZOOOM." [2]

On January 12, 1965, Marx amended its complaint in the New Jersey action to add a count for a declaratory judgment of non-infringement and invalidity of the Ryan patent. On January 20, Marx filed a motion, pursuant to Rule 65, Federal Rules of Civil Procedure, in the New Jersey action for an order staying the New York action until final determination of the New Jersey action. Marx alleged that the New Jersey action, as the first action to present all the issues between the parties, should go forward and take precedence over a later suit between the same parties and concerning the same issues. The motion was made returnable before the district court in Newark on February 8, 1965.

Thereafter, on January 27, Mattel moved in the Southern District action for an order staying the New Jersey action until final determination of the New York action. Mattel alleged, *inter alia,* that the New York suit was the first suit between the parties to present all the issues, that both Marx and Mattel lacked substantial connections with New Jersey, and that Marx should not be heard to complain if it were made to litigate in its home state of New York. Mattel's attorneys secured an order to show cause which made the motion returnable on February 2, 1965, thus bring-ing it on before the New Jersey motion was scheduled for hearing.

On February 2, at the Southern District hearing on the Mattel motion for a stay of the New Jersey action, Marx cross-moved for an order staying the hearing, pending the hearing of its prior motion in the New Jersey action which was set for February 8. The cross-motion was denied, and all parties were stayed from any further action in any of the pending suits (California included) until the court decided the Mattel motion.

On March 17, Judge Sugarman granted the Mattel motion and enjoined Marx from proceeding with the New Jersey action until a final determination of the Mattel suit in New York. The court, *sua sponte,* also stayed the California action. Judge Sugarman based his decision on the principle that "(T)he court in which the first suit is filed is the basic factor to be considered. The first court is that to which the same parties first submit the issues for decision * * *" He concluded, "(T)he New York action was the first to originally pose the full array of issues between the parties: the validity and infringement of Patent No. 3,160,984 and the validity and infringement of trademark registration 781,706."

▉▉▉ The basic principle on which Judge Sugarman relied cannot be questioned for it has long been held in this circuit that, as a principle of sound judicial administration, the first suit should have priority, "absent the showing of balance of convenience in favor of the second action." Remington Products Corp. v. American Aerovap, Inc., 192 F.2d 872, 873 (2 Cir. 1951).[3] And, in deciding between competing jurisdictions this balancing of convenience

2. Contrary to Mattel's strenuous assertions, it is immaterial that knowledge of the Marx suit did not reach Mattel until sometime after the service of process on its resident agent and after the filing of the New York action because Mattel's good faith in bringing the second action is not relevant to our decision. Moreover, service on a resident agent is deemed service on the principal. Thus, Mattel had constructive knowledge of the Marx suit before the New York suit was filed.

3. See also, Ronson Art Metal Works, Inc. v. Brown & Bigelow, Inc., 105 F.Supp. 169 (S.D.N.Y.1952), aff'd on opinion below, 199 F.2d 760 (2·Cir. 1952).

should be left to the discretion of the district courts since " \* \* \* [w]ise judicial administration \* \* \* does not counsel rigid mechanical solution of such problems." Kerotest Mfg. Co. v. C-O Two Fire Equipment Co., 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1951). However, discretion is not to be equated with judicial license to decide by fiat: "(J)urisdiction to litigate is not something to be granted or withheld by a court at its wish or convenience." Hammett v. Warner Brothers Pictures, Inc., 176 F.2d 145, 152 (2 Cir. 1949).

We see no reason, and Judge Sugarman has suggested none, which would justify the staying of the first brought action in favor of the action which was second brought.[4] Marx, which has no contacts with New Jersey and which therefore might complain about having the litigation proceed in that state, was the very party which chose the New Jersey forum and remains anxious to proceed there. As for Mattel, it is doing business in New Jersey and has a plant in that state. Newark is as convenient a forum as New York for a California corporation with its principal offices in Los Angeles.

 The New Jersey action was the first to bring both parties into court and the Marx complaint, as amended prior to the time Judge Sugarman heard argument on the Mattel motion to stay the New Jersey action, included the identical issues as the Mattel complaint in the New York action: validity and infringement both of the patent and of the trademark. The fact that these issues were not all spelled out in the New Jersey action until Marx had amended its complaint is immaterial. Marx amended its complaint as of right as allowed by Rule 15, Federal Rules of Civil Procedure. Thus, the New Jersey suit was the first suit which made pos-

sible the presentation of all the issues and which, by amendment of the complaint did raise all the substantial issues between the parties. This was the situation when the motion was argued in the Southern District.

 We believe it to be a sound rule that the issues should be tried in the district where suit is first brought unless there are other factors of substance which support the exercise of the court's discretion that the balance of convenience is in favor of proceeding first in another district. We find no factor of substance to support the order of the district court.

Accordingly, we remand the case to the district court with instructions to stay the Southern District action until the New Jersey suit has been terminated and to vacate so much of its order as enjoined Marx from proceeding with its New Jersey suit.

4. Examples of situations which would justify a departure from the "first filed" rule of priority include: (a) the so-called "customer actions" where the first filed suit is against a customer of the alleged infringer while the second suit involves the infringer himself, Delamere Company v. Taylor-Bell Company, 199 F.Supp. 55 (S.D.N.Y.1961) and (b) cases where forum-shopping alone motivated the choice of the situs for the first suit, Rayco Mfg. Co. v. Chicopee Mfg. Co., 148 F.Supp. 588 (S.D.N.Y.1957).