**WILLIAM GLUCKIN & CO., Inc.,**
**Plaintiff-Appellee,**

v.

**INTERNATIONAL PLAYTEX CORPO-**
**RATION, Defendant-Appellant.**

No. 157, Docket 32623.

United States Court of Appeals
Second Circuit.

Argued Dec. 13, 1968.

Decided Jan. 28, 1969.

David H. T. Kane, New York City
(Kane, Dalsimer, Kane, Sullivan &
Smith, and Siegrun D. Kane, New York
City, on the brief), for defendant-appellant.

Hugh Chapin, New York City (Kenyon & Kenyon, New York City, on the
brief), for plaintiff-appellee.

Before MOORE, SMITH and HAYS,
Circuit Judges.

MOORE, Circuit Judge:

International Playtex Corporation
(Playtex) appeals from an order entered in the District Court for the
Southern District of New York granting
a preliminary injunction which restrains
Playtex from further prosecuting a patent infringement suit pending in the
United States District Court for the
Northern District of Georgia until final
disposition of the instant case. The
underlying suit here in the Southern
District of New York was brought by
William Gluckin & Co. (Gluckin) against
Playtex for a declaration of patent invalidity and/or non-infringement.

Involved here are two patent infringement suits and the question is which
takes priority over the other. The
first-commenced action was instituted by
the patent holder against the customer
of an allegedly infringing manufacturer
in the Northern District of Georgia.
The second action is a declaratory judgment suit against the patent holder in
the Southern District of New York.

On April 25, 1968, Playtex brought a
patent infringement action against F.
W. Woolworth & Co. (Woolworth), alleging in its complaint that Woolworth
was selling a brassiere which infringed

a patent which it owned. The action was instituted in the Northern District of Georgia ostensibly because Woolworth was selling the allegedly infringing brassiere at its store in Gainesville, Georgia. Playtex, a Delaware corporation, has three of its five manufacturing plants located in Georgia. Its principal place of business is in New York. Woolworth is a New York corporation, with its principal place of business there, and operates retail stores throughout the nation.

The manufacturer of the challenged brassiere sold by Woolworth is Gluckin, a New York corporation with its principal place of business in New York City. It is not licensed to do business in Georgia and, apparently, not subject to suit there. On May 28, 1968, after Playtex had filed its Georgia action, Gluckin brought a declaratory judgment action for patent invalidity and non-infringement against Playtex in the Southern District of New York.

On July 2, 1968, a preliminary injunction was issued by Judge Motley restraining Playtex from further prosecuting the Georgia suit. Judge Motley held that since the first filed suit was against a customer rather than against Gluckin itself and since New York was the most convenient forum for resolving the questions of patent validity and infringement, special circumstances existed which justified giving priority to the second-filed suit.

■■ The general rule in this Circuit is that, as a principle of sound judicial administration, the first suit should have priority, "absent the showing of balance of convenience in favor of the second action," Remington Products Corp. v. American Aerovap, Inc., 192 F.2d 872, 873 (2d Cir. 1951), Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 423 (2d Cir. 1965), petition for cert. dismissed, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966), or unless there are special circumstances which justify giving priority to the second. Joseph Bancroft & Sons Co. v. Spunize Co. of America, 268 F.2d 522 (2d Cir. 1959).

In deciding between competing jurisdictions, it has often been stated that the balancing of convenience should be left to the sound discretion of the district courts. Mattel, supra, 353 F.2d at 423, 424; Kerotest Mfg. Co. v. C–O Two Fire Equipment Co., 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1951).

In Mattel, supra, two situations were posed which are said to constitute special circumstances justifying a departure from the "first-filed" rule of priority. Id., 353 F.2d at 424. The first example is the so-called "customer action" where the first-filed suit is against a customer of the alleged infringer while the second suit involves the infringer himself. Delamere Company v. Taylor-Bell Company, 199 F.Supp. 55 (S.D.N.Y.1961).

The second example is where forum shopping alone motivated the choice of the situs for the first suit. Rayco Mfg. Co. v. Chicopee Mfg. Co., 148 F.Supp. 588 (S.D.N.Y.1957). This, however, is not applicable to the present case because Judge Motley made no specific finding of forum shopping, nor is one inferable and because the reasons Playtex asserts justifying the choice of a Georgia forum are not wholly frivolous. Compare Rayco Mfg. Co., supra.

■ Judge Motley, relying on the "customer suit" exception to the first-filed rule mentioned in the Mattel case, granted the preliminary injunction. Playtex insists, however, that there is no reason why the first suit should be enjoined simply because the defendant happens to be a customer rather than a manufacturer. Section 271 of Title 35 declares manufacturing, using or selling infringing products actionable. Each act is identified as an act of infringement and each is proscribed. 35 U.S.C. § 281. Since Woolworth allegedly has itself "sold thousands of dollars of the infringing merchandise" and is "an infringer of the patent in suit every bit as much as the manufacturer of the infringing article" (Playtex Brief, p. 25), Playtex argues that it has the statutory right as a patentee to sue an infringing seller. See Sundstrand Corp. v. Ameri-

can Brake Shoe Co., 315 F.2d 273, 276 (7th Cir. 1963).

Playtex asserts, therefore, that before the first-filed suit can be enjoined, there must be a finding of harassment, *Kerotest*, supra, 342 U.S. at 185, 72 S.Ct. 219, probable harassment, see *Sundstrand*, supra, 315 F.2d at 276, or forum shopping, *Delamere Company*, supra; Helene Curtis Industries, Inc. v. Sales Affiliates, Inc., 105 F.Supp. 886 (S.D.N.Y. 1952), aff'd, 199 F.2d 732 (2d Cir. 1952); Telephonics Corporation v. Lindly & Company, 192 F.Supp. 407 (E.D. N.Y.1960), aff'd, 291 F.2d 445 (2d Cir. 1961); United States Time Corporation v. Hamilton Watch Co., 327 F.2d 338 (2d Cir. 1964). Moreover, to rely on a "natural theatre" test as the District Court did, 294 F.Supp. 876 (S.D.N.Y. July 2, 1968), is said to be making an application of *forum non conveniens* which is not sanctioned by the statute.[1] See *Sundstrand*, supra.

In response Gluckin argues that the manufacturer of allegedly infringing goods is the real party in interest in the event his customer is charged with infringement of patents and this principle lies at the basis of judicial restraint on customer actions. Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065 (1907). Under the direction of the Supreme Court in *Kerotest*, where it was stated

> Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts. Id., 342 U.S. at 183, 184, 72 S.Ct. at 221,

lower courts have properly exercised a broad degree of discretion in implementing this basic doctrine.

An inflexible approach to suits of this type is certainly to be avoided. Although the so-called "customer suit" exception to the first-filed rule appears to be in conflict with a flexible approach, as Playtex contends, we nonetheless feel that the issuance of the preliminary injunction in this case was not an abuse of discretion.

This Court, in *Mattel*, stated:

> We believe it to be a sound rule that the issues should be tried in the district where suit is first brought unless there are other factors of substance which support the exercise of the court's discretion that *the balance of convenience* is in favor of proceeding first in another district. Id., 353 F.2d at 424. (Emphasis supplied.)

Judge Motley found that there were factors of substance indicating that the balance of convenience supported priority for the second-filed suit. The Court noted that (1) since Woolworth is simply a customer of Gluckin and upon whom Woolworth must rely exclusively,[2] the primary party is really Gluckin; (2) the Woolworth employee who has the most knowledge concerning the allegedly infringing item is the Woolworth buyer in New York City; (3) no one connected with Woolworth in Gainesville where the first suit was filed, has any knowledge concerning the patent in suit; (4) the allegedly infringing manufacturer Gluckin is a New York corporation with its

---

1. If Georgia is an inconvenient forum, Playtex maintains that an available procedure is either for Gluckin to intervene in Georgia and then move, pursuant to 28 U.S.C. § 1404(a), for *forum non conveniens* transfer to New York or for Woolworth to make the motion itself.

2. It appears that Gluckin is deeply involved in the Georgia action. Gluckin's moving papers below admit the existence of an indemnification agreement with Woolworth, but deny control of the action. However, after the hearing below from which this appeal is taken, the President of Gluckin, Edward Gluckin, indicated he had advised Woolworth that he would "defend any action" and would defend the particular lawsuit against Woolworth in Georgia. Deposition of Edward Gluckin, July 26, 1968, at pages 93 and 90.

main offices in New York City; (5) Gluckin is not licensed to do business in Georgia; (6) the package in which the article is sold by Woolworth is designed, made and supplied by Gluckin, as are all the promotional materials; (7) arrangements for the purchase of the article were negotiated in New York City; (8) Gluckin's manufacturing plants are located in Pennsylvania and its design facility in New York City; (9) it sells and distributes its products to customers nationwide; (10) Playtex, though a Delaware corporation, has its main office and principal place of business in New York City and its design centers in New Jersey; (11) its marketing and purchasing activities are located in New York; (12) the alleged inventor of the Playtex brassiere at issue resides in New Jersey; (13) Playtex's records relating to the invention are in New York City and Georgia; and (14) witnesses who have knowledge of the patent reside in and about New York City.

The reasons for which Playtex chose Gainesville, Georgia, as the place of suit are assertedly (1) because of the location of three of its five plants in that State, (2) because the alleged infringement took place there, and (3) because of the possibility of an earlier trial date in the Northern District of Georgia. It also claims that some of its employees in its Georgia plants will be important witnesses in the action there and that their unique knowledge of the manufacturing process is important to that infringement suit. Playtex contends further that it brought suit in Georgia because of the economic interest in defendant and its employees in Georgia in preserving the substantial volume of business of defendant's patented product.

Judge Motley found Playtex's reasons for bringing suit against Woolworth in Georgia "not very persuasive."

The "whole of the war and all the parties to it" are in the Southern District of New York. *Kerotest*, supra, 342 U.S. at 183, 72 S.Ct. at 221. Woolworth, the defendant in the Georgia action, has consented to be made a party here and is amenable to process here as well. All the litigants involved have offices and principal places of business in New York City. Most of the witnesses whose testimony is relevant reside in the New York City area. Woolworth must look to Gluckin to supply evidence in its defense in the Georgia action. All counsel are from New York and the convenience of the major witnesses would unquestionably be better served by a New York venue.

Balancing the convenience of the parties and witnesses and with due regard to the weight given to the initial forum, a judgment that the Georgia suit should be restrained in order that the New York suit may proceed does not appear to be at all unreasonable.

The decision below is affirmed.