COLECO INDUSTRIES, INC., Plaintiff,

v.

EMPIRE PLASTIC CORPORATION, Empire of Carolina, Inc. and Carolina Enterprises, Inc., Defendants (two cases).

COLECO INDUSTRIES, INC., Plaintiff,

v.

KROTMAN–ANTELIS, INC., Defendant.

No. 69 Civ. 4800.

United States District Court,
S. D. New York.

July 7, 1970.

—◆—

Peter L. Costas, Hartford, Conn., Forsythe, McGovern, Pearson & Nash, New York City, for plaintiff.

Kirschstein, Kirschstein, Ottinger & Frank, New York City, for defendants.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

The present action is a consolidation of three lawsuits. In the first action, Coleco Industries, Inc. [hereinafter referred to as Coleco] brought a declaratory action against Empire Plastic Corp., Empire of Carolina, Inc. and Carolina Enterprises, Inc. [hereinafter referred to as Empire Companies] for infringing patent applications and for engaging in unfair competition. After Judge Bonsal dismissed the first cause of action on February 5, 1970, on the ground that Coleco had no cause of action until he actually received a patent on his patent application, Coleco filed an amended complaint on March 5, 1970. By that date, Coleco did have a patent and it alleged infringement of the now matured patent applications and defendants' engagement in unfair competition.

In the second action, Coleco brought an action against the Empire Companies for infringing its design patent on a sled and for engaging in unfair competition in respect to that sled.

In the third action, Coleco brought an action against Krotman-Antelis, Inc. (a sales representative of the Empire Companies) for infringement of its pool and sled patents and for unfair competition.

The three actions were consolidated by Judge Tenney on April 20, 1970. His grounds for consolidation were that the third action involved all three of the patents raised in the first two actions (the first action raised two of these patents and the second action raised the remaining patent), that the several defendants are represented by the same counsel, and that it would reduce the burden on the judicial system.

On May 11, 1970, Coleco brought an action in the Northern District of New York against Neisner Bros., Inc. alleging the infringement of the same two pool patents involved in the consolidated action in this Court and alleging that defendant engaged in unfair competition in respect to these pools. Neisner Bros., Inc. is a retailer which sells Empire Companies' pools and Empire Companies have assumed full responsibility for this action.

Empire Companies have moved for a preliminary injunction by way of order to show cause against further proceedings in the Neisner Bros., Inc. action. Coleco is opposed to the stay and wants to continue prosecuting both suits.

The motion for a stay is clearly warranted because the disposition of the consolidated suit will resolve all the questions presented by the later-filed, customer suit. Moreover, duplicative litigation will be avoided and judicial resources conserved if the stay is granted.

*E. g.,* Carter-Wallace, Inc. v. Ever-Dry Corp., 290 F.Supp. 735, 740 (S.D.N.Y. 1968) (see cases cited therein).

In multiple suits against a manufacturer and/or its customers, this Circuit has adopted a general rule that:

> as a principle of sound judicial administration, the first suit should have priority, "absent the showing of balance of convenience in favor of the second action," [citations omitted] or unless there are special circumstances which justify giving priority to the second. [citations omitted].

Gluckin & Co. v. Int. Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969); *accord,* Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421 (2d Cir. 1965), cert. denied, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966); Remington Products Corp. v. American Aerovap, Inc., 192 F.2d 872 (2d Cir. 1951).

The balance of convenience, rather than favoring the second suit, actually is in favor of the first suit. Coleco does not want to stay the first suit; instead it wants to pursue both suits. Clearly, Empire Companies (as well as the federal courts) would be unduly burdened and inconvenienced by the necessity to try two suits involving the identical subject matter at once. Coleco argues that half of the suit could be tried in the second suit while the other half could be tried here in the first suit. Since there is no allegation that the consolidated action would be too complex, there is no precedent for this suggested bifurcation. In fact, the Federal Rules of Civil Procedure have moved in the opposite direction, i. e., to further promote the joinder of different causes of action and parties into one suit. Rules 18–22, Fed.R.Civ.P. In addition, such a bifurcation would undercut Judge Tenney's order of May 11, 1970 which consolidated these claims.

Coleco then argues that the less crowded calendar in the Northern District is a special circumstance that warrants a denial of the stay. Coleco reasons that since the calendar is less crowded in the Northern District than here, they will obtain a speedier resolution of the patent claims there.

In Carter-Wallace v. Ever-Dry Corp., 290 F.Supp. 735, 740–41 (S.D.N.Y.1968), Judge Mansfield was faced with a similar situation and a similar argument. The first suit was filed in the Southern District of New York. Then a suit involving the same questions was later filed in the Western District of Tennessee, which has a less crowded calendar than the Southern District's. A motion was made to, among other things, stay the later-filed suit. Judge Mansfield did not think it was at all clear that the parties would obtain a speedier resolution in the other, less crowded district because the calendar rules of the Southern District permit the trial of commercial cases in a much shorter time by way of a motion for preference. Therefore, he stayed the later-filed suit in Tennessee. *Id.* at 740–41. This court agrees with Judge Mansfield's conclusions.

In Coleco's letter of June 1, 1970, it argues that it cannot make a motion for preference because it has not finished its discovery. Such a delay is not caused by the Southern District's crowded docket, but is caused, as Coleco admits in this letter, by the complexity of this case. Surely this discovery process will not be speeded up if both parties are required to submit to discovery in two suits instead of one.

For the foregoing reasons, Empire Companies' motion for a preliminary injunction against any further proceedings in the Neisner Bros., Inc. suit in the Northern District of New York is granted.