**The NUMBER WORKERS COMPANY, INC., Plaintiff,**

v.

**NEW DIMENSIONS IN EDUCATION, INC., Defendant.**

**No. 77 Civ. 1003.**

United States District Court, S. D. New York.

July 8, 1977.

Rogers, Hoge & Hills, New York City, for plaintiff by Marie V. Driscoll, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendant by Michael D. Hess, Phyllis N. Segal, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is an action for declaratory relief whereby plaintiff seeks a judgment (1) that it is not interfering with any contractual rights of the defendant; (2) that plaintiff's mathematics program does not infringe any copyrights claimed by defendant; (3) that plaintiff is not guilty of unfair competition; and (4) that defendant is barred by estoppel and acquiescence from asserting against plaintiff claims of tortious interference with contract, copyright infringement and unfair competition.

The defendant, two days after the initiation of this action, brought an action in the Eastern District of New York asserting the same subject matter violations which this action seeks to have declared unavailable to the defendant. The Eastern District case also includes as a defendant Dr. Bernard Kauderer, the president of the plaintiff herein.

Needless to say, the two cases apparently came into being from the desultory results of extended settlement negotiations between the parties.

The plaintiff herein has now moved for an injunction against the defendants from pursuing the action in the Eastern District of New York. The defendant has cross-moved for a stay of this action pending the outcome of the Eastern District action. In its motion to stay this action the defendants contend that proper venue lies in the Eastern District since the plaintiff herein, The Number Workers Company, Inc. (hereinafter "Number Workers") has its principal place of business in the Eastern District and the president (and added party in the Eastern District case) resides in that district. The Number Workers business operates throughout the United States although the plaintiff alleges that it does business in the Southern District of New York. In effect,

the defendant alleges that it should be able to proceed in the Eastern District of New York because the balance of convenience tips in favor of that District.

The plaintiff claims that since this case was initiated first, it should have priority; *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 423 (2d Cir. 1965) *cert. dismissed*, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966); and that the requested injunction should issue against the prosecution of the Eastern District case. If such is the case, Dr. Bernard Kauderer has consented to the jurisdiction of this Court for any counterclaim that the defendant may bring in this action. Thus, the plaintiff argues, it will be possible to have all the issues between the parties determined in this action.

But it must be recognized that all of the issues which can be raised between the parties are already set forth in the Eastern District action; so in that sense, the Eastern District action was started prior in time to this action. No amendment of the pleadings is required in the Eastern District action to resolve all the disputes between the parties. In this action, such amendment must take place and Dr. Kauderer must somehow be added as a party.

It cannot be said that there will be any inconvenience to any party in permitting the Eastern District action to proceed. The courthouse in the Eastern District of New York is located but four subway stops away or slightly over a mile from this Court via the Brooklyn Bridge.

The plaintiff's motion for an injunction is therefore denied and the defendant's motion for a stay of this action is granted.

The case is to be put on the suspense docket of this Court.

IT IS SO ORDERED.