FORT HOWARD PAPER COMPANY,
Plaintiff,

v.

WILLIAM D. WITTER, INC., Thomson
McKinnon Securities, Inc., and
Charles Huber, Defendants.

No. 83 Civ. 6588 (JFK).

United States District Court,
S.D. New York.

Jan. 18, 1984.

Donovan, Leisure, Newton & Irvine, New York City, for plaintiff; Sanford M. Litvack and Valerie Cohen, New York City, of counsel.

Townley & Updike, New York City, for defendants; Elliot Paskoff and Sherri Venokur, New York City, of counsel.

MEMORANDUM OPINION
AND ORDER

(as amended)

KEENAN, District Judge.

Plaintiff, Fort Howard Paper Company, Inc., seeks a declaratory judgment under the provisions of 28 U.S.C. Section 2201 and rule 57 of the Federal Rules of Civil Procedure. Defendants, Charles Huber, et al. move pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint or, in the alternative, to transfer the action to the Eastern District of Wisconsin, or to stay the declaratory judgment action.

The dispute arises out of the following set of facts. During the period from early 1980 through June of 1983, a series of communications took place between Huber and plaintiff and between them and representatives of Maryland Cup. Defendants allege that those activities entitle them to a finder's fee in connection with the merger agreed to in June of 1983. There is no written agreement to support this claim.

In July of 1983, following the announcement of the planned merger, defendant Huber contacted Merrill Bank, then Chairman of the Board of Maryland Cup, claiming he was owed a finder's fee by Fort Howard and intended to sue in Wisconsin to recover it. Subsequently, Mr. Huber attempted to contact Paul J. Shierl, Fort Howard's President and CEO, to discuss the same subject. In early August of 1983, John Leighton, Huber's attorney, contacted plaintiff's counsel claiming that his clients, Huber and Witter, were entitled to a finder's fee and raising the possibility of settlement of the claim without litigation. Plaintiff's counsel agreed to investigate the situation. On August 18, 1983, defendants' counsel wrote

to plaintiff formally taking exception to the Schedule 13D filed by Fort Howard with the SEC (which stated there was no finder with respect to the merger), and asserting their claim. On August 23, 1983, plaintiff's counsel contacted defendants' counsel and advised him of the view that it did not owe defendants any finder's fee. This position was confirmed by letter dated September 2, 1983.

On September 6, 1983, plaintiff, Fort Howard Paper Company, a Delaware corporation with its principal place of business in Wisconsin, filed this suit in the Southern District of New York. The complaint alleges that defendant, William D. Witter, Inc., a New York corporation, defendant, Thomson McKinnon Securities, Inc., a New York corporation, and defendant, Charles Huber, a New York resident *, formerly a vice president of Thomson McKinnon and currently Managing Director of Witter, claim a finder's fee for work allegedly performed by Huber in connection with Fort Howard's June 27, 1983 agreement to merge with Maryland Cup Corporation; that Fort Howard denies any liability to defendants for such a fee, and seeks a declaratory judgment that plaintiff has no liability to any or all defendants with respect to defendants' claims for finder's fee or other compensation as a result of plaintiff's merger with Maryland Cup.

On October 20, 1983, plaintiff's general counsel travelled from Wisconsin to New York to attend a settlement conference at the office of Mr. Litvack, plaintiff's attorney. On November 23, 1983, defendant Huber filed suit against Fort Howard and Maryland Cup Corporation in the Eastern District of Wisconsin seeking five million, seven hundred thousand dollars, together with interest as payment for its alleged services to Fort Howard and Maryland Cup in connection with their merger.

On November 29, 1983, defendants in the instant case moved this Court for an order (1) dismissing the complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted within the meaning of the Declaratory Judgment Act; or, in the alternative, (2) transferring this action to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. Section 1404; or (3) staying this action pending completion of the action in the United States District Court for the Eastern District of Wisconsin.

For the reasons stated hereafter, defendants' motion is denied in all respects.

The governing principles relative to the motion to dismiss are set forth in the opinion of the Second Circuit in *Broadview Chemical Corporation v. Loctite Corporation*, 417 F.2d 998 (2d Cir.) *cert. denied*, 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed.2d 686 (1969). In *Broadview*, the Court of Appeals quoting from Borchard on Declaratory Judgments reversed the trial court's refusal to entertain plaintiff's action for declaratory relief, holding at p. 1001:

"The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding. (Citation omitted)." It follows as a general corollary to this rule that if either of these objectives can be achieved the actions should be entertained and the failure to do so is in error.

█ In *Salomon Brothers v. Carey*, 556 F.Supp. 499 (S.D.N.Y.1983) the plaintiff, as here, had filed suit following settlement discussions. Chief Judge Motley applied the *Broadview* standards and I believe them to be equally applicable herein. The mere fact that defendants have brought suit in the Eastern District of Wisconsin more than two and one-half months after this case was brought does not blunt the *Broadview* doctrine. Certainly, judgment in this Court will help to clarify and settle "the legal relations in issue." Defendants

* In fact, Huber is a Connecticut resident employed in New York.

are free to enter a counterclaim resolving any "uncertainty" or "insecurity" they may feel remains between the parties.

The rule in the Second Circuit is that where there are two competing lawsuits, "the first suit should have priority, 'absent the showing of balance of convenience in favor of the second action,' (citation omitted), or unless there are special circumstances which justify giving priority to the second." *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969). I find no such special circumstances.

Although plaintiff is a Wisconsin corporation, New York is the principal place of business of the two corporate defendants and it is where Mr. Huber is employed. Moreover, several of the alleged discussions purportedly forming the basis for a contract between Huber and Fort Howard took place with Huber operating by telephone calls from New York.

There is no reason to transfer this case to Wisconsin or to stay these proceedings.

Parties are directed to resume discovery and to appear before this Court on February 15, 1984 at 10 A.M. to report on the status of this matter.

SO ORDERED.