438 F.2d 1068
 1971 Trade Cases P 73,440, 1971 Trade Cases
P 73,498
 Robert J. HELFENBEIN and Circle Investments of Missouri,
Inc., Appellants,
v.
INTERNATIONAL INDUSTRIES, INC., et al., Appellees.
Robert J. HELFENBEIN and Crescent Investments of Iowa, Inc.,
Appellants,
v.
INTERNATIONAL INDUSTRIES, INC., et al., Appellees.
 Nos. 20245, 20246.
 United States Court of Appeals, Eighth Circuit.
 Jan. 14, 1971, Rehearing Denied March 4, 1971.
 
 Sheridan Morgan, Mark J. Klein, Kansas City, Mo., Barton P. Cohen, Overland Park, Kan., for appellants.
 Thomas J. Wheatley, Maurice J. O'Sullivan, Jr., Kansas City, Mo., Harry L. Gershon, Los Angeles, Cal., for Appellees.
 Before MATTHES, Chief Judge, LAY, Circuit Judge, and REGISTER, district judge.
 LAY, Circuit Judge.
 
 
 1
 Suits for treble damages for alleged violation of 1 and 2 of the Sherman Act (15 U.S.C.A. 1 and 2) and 3 of the Clayton Act (15 U.S.C.A. 14) have been filed in the United States District Court for the Western District of Missouri against the defendants International Industries, Inc., I.H.O.P. of Cook County, Inc., and International House of Pancakes of Arizona, Inc. (hereinafter grouped as International). The plaintiffs, Robert J. Helfenbein and his wholly owned corporations Circle Investments of Missouri, Inc. and Crescent Investments of Iowa, Inc., subleased restaurants and equipment from International under franchise agreements. Plaintiffs assert that the leases require tie-in agreements which violate both federal and state antitrust laws. The plaintiffs Helfenbein and Circle Investments opened a restaurant in Kansas City, Missouri, under the above agreements in January 1967; Helfenbein and Crescent Investments commenced a similar operation in Des Moines, Iowa, in December 1965. On or about May 19, 1969, defendants evicted plaintiffs from their restaurant premises in Des Moines by means of an unlawful detainer action in the Iowa state courts. A similar unlawful detainer action in the State of Missouri has been threatened relating to the Kansas City premises. In addition, it is alleged that the defendants have demanded that plaintiffs, under the terms of their lease agreements, submit to arbitration in Los Angeles, California all amounts purportedly due defendants for various items including rent, equipment use, and goods and services furnished plaintiffs in the past. The instant appeal arises because of the district court's refusal to grant a preliminary injunction against the defendants enjoining the arbitration proceedings as well as the threatened unlawful detainer action in state court. We affirm the district court's action.
 
 
 2
 The arbitration proceedings requested concern the amount allegedly due the defendants for the: (1) unpaid balance of principal and interest on a promissory note executed by Robert J. Helfenbein; (2) unpaid and past due amounts on two equipment leases; (3) unpaid and past due rent on two subleases of restaurant premises; (4) unpaid and past due amounts for goods sold and delivered; (5) unpaid and past due management services fees; and (6) unpaid and past due advertising fees. The total amount exceeds $87,200. There appears to be little or no dispute over the items or the amount involved. Plaintiffs object to the arbitration procedures in Los Angeles because they fear that they will lose their right to assert the defense of invalidity of the contracts under state laws. In Missouri, as well as Iowa, there exist penalty provisions attached to violations of the restraint-of-trade laws purportedly making the contracts void and unenforceable. See Mo.Ann.Stat. 416.010-416.050 (1952); and Iowa Code 553.1 (1966). Plaintiffs properly urge that arbiters have no jurisdiction to pass upon the substantive aspect of the antitrust laws. American Safety Equipment Corp. v. J. P. Maguire & Co., 391 F.2d 821 (2 Cir. 1968); A. & E. Plastik Pak Co. v. Monsanto Co., 396 F.2d 710 (9 Cir. 1968). The difficulty in reliance on these cases is, however, they in no way suggest an irreparable harm to plaintiffs so as to enjoin the arbitration procedure if needed.[1] Once the matter is arbitrated, the sum so determined must still be pleaded in a court of competent jurisdiction and reduced to judgment to enforce collection. Plaintiffs may at that time urge whatever defenses to the arbitration award they might have under the antitrust laws.[2] Under these circumstances a temporary injunction need not issue to enjoin the arbitration. By our ruling we do not entertain the questions as to the effect or proper application of any state law to the present facts. The case is not yet ripe for determination of these issues.
 
 
 3
 Plaintiffs additionally urge that unless a preliminary injunction issues to enjoin their eviction from the restaurant premises they will be denied their statutory defense provided under state law. The argument is made that once the claims are paid it well be too late to obtain any benefit from these defenses. However, the threatened eviction is premised upon the plaintiffs' default in payment for the various items previously listed including a default on the promissory note given as part of the initial consideration for the franchise and rent for the premises and equipment. Admittedly there exists no defense as to these items under the state laws.[3] The contract lease between the parties is clear and unequivocal that any default thereunder may subject plaintiffs to summary eviction. Under these circumstances there exists no equitable ground or authority for the federal courts to intervene. Furthermore, plaintiffs have not lost their right to raise these defenses once the defendants assert their claim.
 
 
 4
 There exists additional reason for denying injunctive relief. There is no authority under the federal antitrust laws to enjoin state enforcement or remedy for collection of ordinary debts incurred for goods delivered or services rendered. As the Supreme Court said in Bruce's Juices, Inc. v. American Can Co., 330 U.S. 743, 750 67 S.Ct. 1015, 1018, 91 L.Ed. 1219 (1947): 'The Act prescribes sanctions, and it does not make uncollectibility of the purchase price one of them.' See also Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959). Injunctive relief under 16 of the Clayton Act (15 U.S.C.A. 26) may issue only for 'loss or damage' by reason of a violation of the federal antitrust law. Plaintiffs only remotely allude to their potential loss or damage under federal law. However, there is no attempt in either the arbitration or eviction proceedings to enforce the very conduct (that is, the tie-in sale) prohibited by the Clayton or Sherman Act. Cf. Continental Wall Paper Co. v. Louis Voight and Sons Co., 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486 (1909). The gravamen of plaintiffs' 'loss or damage,' as alleged and argued here, if the eviction is not stayed, is their concern over losing their defenses allegedly provided by state law. As indicated this 'loss' does not flow from any sanction under federal law. Under these circumstances this alleged 'loss' cannot be the basis of injunctive relief under 15 U.S.C.A. 26. If not authorized under 26 injunctive relief cannot otherwise issue. 28 U.S.C.A. 2283.[4]
 
 
 5
 There is no question that plaintiffs have received the goods and services (some assertedly unwanted) and the use of the premises and equipment in question. Perhaps plaintiffs have a valid defense to some of these claims if they do arise from a contract deemed illegal by state law. However, assuming they do, it is difficult to reason that defendants do not have a legal basis to evict the plaintiffs for failing to pay for items such as rent, franchise payments, etc., which are admittedly not challenged as being invalid. There is no evidence that the eviction proceeding is based upon plaintiffs' refusal to continue to buy according to any tie-in agreement. The essence of plaintiffs' complaint is that the state court action arises from their failure to pay for what they have received.
 
 
 6
 The order denying injunctive relief is affirmed and the case remanded for further proceedings on the issues joined.
 
 
 7
 PER CURIAM.
 
 
 8
 On motion for rehearing plaintiffs have urged that this court's original opinion overlooked the fact that a substantial portion of the defendants' claim arises from management services unwanted and unfurnished. The last sentence of this court's opinion reads: 'The essence of plaintiffs' complaint is that the state court action (for eviction) arises from their failure to pay for what they have received.' The eviction notice served upon the plaintiffs on March 5, 1969, and the entire record satisfies us that our analysis was correct. Plaintiffs assert that the amounts due for rent, franchise payments and services received are inseverable from defendants' claim for payment for the alleged illegal tie-in requirements. We disagree. Plaintiffs have offered to pay for these items, both in the trial court and in this court, on the condition that an injunction issue to prohibit arbitration and eviction arising from the default on the other amounts contested. This offer serves as ethical proof of severability. Plaintiffs' original complaint (paragraph No. 33) demonstrates that their initial refusal to pay for rent, franchise payments, goods and services received arises from many other factors. It is obvious that plaintiffs early attempted to coercively use its refusal to pay past due accounts in order to preemptorily relieve themselves of the alleged tie-in requirements. To now allow plaintiffs to pay conditional on the grant of an injunction would make this court a party to that coercion. This we refuse to do.
 
 
 9
 This issue might have been ripe for proper adjudication had plaintiffs timely paid the amounts due and owing which by their belated offer to pay they concede are not related to the alleged tie-in sales. Plaintiffs made their choice of strategy. Aside from the merits, we deem it inequitable and totally collateral to the enforcement of antitrust policy to issue injunctive relief upon the conditions which they propose.
 
 
 10
 Motion for rehearing is denied.
 
 
 
 [1]
 The parties at oral argument indicated that they were agreeable to a stipulation thay arbitration may be waived. Under these circumstances the claimed amounts may be asserted in the counterclaim of defendants. This stipulated procedure seems more sensible and beneficial to both parties, especially if there exists no real dispute as to the amount or the items involved
 
 
 [2]
 The court in American Safety Equipment Corp. v. J. P. Maguire & Co., 391 F.2d 821, 828 (2 Cir. 1968), said: 'This does not mean that we rule out arbitration of all aspects of this dispute. It does mean that the district court erred in submitting to the arbitrators 'the issue as to the validity' of the License Agreement insofar as that empowered the arbitrators to decide issues of antitrust law. * * * If such violations are not a defense, the arbitration might promptly proceed within defined limits, leaving it to the arbitrators to decide what goods were so sold.'
 
 
 [3]
 Plaintiffs offered to pay these items if the trial court would enjoin arbitration and eviction proceedings as to the default on the other amounts contested
 
 
 [4]
 'A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.' 28 U.S.C.A. 2283