**The HORN & HARDART COMPANY, Plaintiff,**

v.

**BURGER KING CORPORATION and the Pillsbury Company, Defendants.**

**No. 79 Civ. 4564.**

United States District Court, S. D. New York.

Sept. 28, 1979.

---

Proskauer, Rose, Goetz & Mendelsohn, New York City, for plaintiff; Marvin E. Frankel, Ronald S. Rauchberg, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendants; Peter Gruenberger, New York City, of counsel.

WHITMAN KNAPP, District Judge.

Horn & Hardart brought this motion for a preliminary injunction and a temporary restraining order to enjoin defendant Burger King Corporation from prosecuting an action filed by it against Horn & Hardart in the Southern District of Florida. At the second of the two hearings held on this motion the parties stipulated that the matter should be treated as an application for a permanent injunction.

On August 29, 1979 at 2:23 P.M. Horn & Hardart commenced this action against Burger King and its parent corporation by filing the summons and complaint. Service of process upon Burger King was completed on September 4. Also on August 29, ap-proximately 2½ hours after Horn & Hardart had filed this action, Burger King filed a complaint in the United States District Court for the Southern District of Florida against Horn & Hardart and one of its subsidiary corporations. Service of process upon Horn & Hardart was completed by serving the Secretary of State on September 6.

■ When two actions involving the same issues are brought in two different federal district courts, the first court has power to enjoin the prosecution of the second action, and should exercise such power in its sound discretion in order to avoid the possibility of inconsistent results and the duplication of judicial effort. *Meeropol v. Nizer* (2d Cir. 1974) 505 F.2d 232; *National Equipment Rental, Ltd. v. Fowler* (2d Cir. 1961) 287 F.2d 43. There are thus two questions here presented: Do these two actions involve the same issues so that the prosecution of both suits might lead to inconsistent results and a waste of judicial time? If so, are there any special circumstances indicating that this court should not exercise its equitable power to enjoin the prosecution of the second ac-tion?[1]

The Horn & Hardart complaint in this court alleges that Burger King and certain co-conspirators have been engaged in a combination and conspiracy in unreasonable restraint of trade in the issuance of fran-chises for the operation of Burger King restaurants, in the sale and resale of these franchises, in the sale of goods and services to and by Burger King restaurants, and in the advertising, sales promotion, and public relations of Burger King restaurants.[2] One of the restraints specifically claimed to be

[1] Prior to September 18, the parties were under the impression that Burger King had been first to perfect jurisdiction over its adversary by the service of process. It was then Burger King's position that when the second case is filed only 2½ hours after the earlier case, the first filed rule should give way to a "first served" rule. Burger King has now informed us that service upon Horn & Hardart was not completed until two days after Burger King was served. We, therefore, need not address the "first served" argument. We may observe, however, that the plethora of confusion such issue created in this case strongly argues against considering as a controlling factor anything other than the easi-ly ascertained time of filing.

[2] Horn & Hardart has recently filed an amend-ed complaint. We do not consider this com-plaint relevant to the questions presented by this motion.

unreasonable and therefore in violation of the antitrust laws is an alleged requirement that Horn & Hardart, as a condition of its franchise agreements, agree to refrain from acquiring any interest in any restaurant business which is the same or similar to Burger King's. The complaint further alleges that because Horn & Hardart has refused to honor this unreasonable restraint, Burger King threatens to deprive it of its Burger King franchises. The complaint seeks injunctive relief to prevent Burger King from effectuating the aforementioned unreasonable restraint and from carrying out its retaliatory threat to deprive Horn & Hardart of franchises.[3]

Burger King's Florida complaint, alleging various claims against Horn & Hardart including contract violations, unfair competition, and trademark infringement, asks for damages and two forms of equitable relief: (1) an injunction preventing Horn & Hardart from acquiring any interest in a certain fast food chain known as Arby's Restaurants or any other Burger King competitor, and (2) an injunction preventing Horn & Hardart from operating certain Burger King franchises.

The mere statement of the relief requested in the two complaints makes clear that Burger King is asking the Florida court to enforce against Horn & Hardart the exact restraints and to impose the exact penalties which the complaint before us challenges as violative of the antitrust laws. In other words, the Florida complaint prays that the court "enforc[e] the precise conduct made unlawful by the [Sherman] Act."[4] *Kelly v. Kosuga* (1958) 358 U.S. 516, 520, 79 S.Ct. 429, 432, 3 L.Ed.2d 475. The primary issue in both courts would be whether Burger King could lawfully impose such restraints and exact such penalties. It necessarily follows that if both cases were to go forward there would be a danger of inconsistent results and a duplication of judicial effort.[5]

Turning to considerations of equity, Burger King argues that there exists no precedent for enjoining prosecution of a case on the basis of a mere 2½ hour previous filing in another jurisdiction. While this is a correct statement of the current state of the law, we do not see how the brevity of the interlude can effect the danger of inconsistent results and the duplication of judicial effort. One court or the other must decide which case is to proceed, and controlling authorities place the burden upon us. *Meeropol v. Nizer, supra,* at 235; *William Gluckin & Co. v. International Playtex Corp.* (2d Cir. 1969) 407 F.2d 177,

3. The Horn & Hardart complaint states a number of other claims. It alleges that Burger King breached its agreement not to grant a franchise close to three particular Burger King restaurants operated by Horn & Hardart, and that Burger King made certain fraudulent representations to induce Horn & Hardart to purchase these three franchises. Finally the complaint alleges that Burger King made certain defamatory statements related to Horn & Hardart's ability to operate its restaurants. On these claims Horn & Hardart seeks compensatory and punitive damages.

4. None of those cases cited by Burger King for the proposition that antitrust claims cannot be pleaded as defenses involves a situation where a defendant is requesting the court to enforce the very restraints claimed to be violative of the antitrust laws. See, *Helfenbein v. International Industries, Inc.* (8th Cir. 1971) 438 F.2d 1068; *Viacom International, Inc. v. Tandem Productions, Inc.* (2d Cir. 1975) 526 F.2d 593; *Response of Carolina v. Leasco Response, Inc.* (5th Cir. 1974) 498 F.2d 314.

5. Burger King makes the argument that there can be no so-called "identity of issues" between the two lawsuits because the Horn & Hardart complaint contains allegations which are arguably irrelevant to the relief demanded in Burger King's Florida complaint. We do not, however, read the authorities to establish "identity of issues" as a talisman. The practical questions to be answered in each case are simply whether there is a danger of inconsistency of result and duplication of judicial effort. As noted, both these questions must here be answered in the affirmative. Burger King might, of course, be entitled to a severance with respect to any issues the resolution of which would be unnecessary to the claims presented in the Florida action. We also note that the mere fact that there is not a precise identity of parties is not sufficient grounds for denying injunctive relief. *Meeropol v. Nizer, supra* at 235; *Telephonics Corp. v. Lindly & Co.* (2d Cir. 1961) 291 F.2d 445.

178; *National Equipment Rental, Ltd. v. Fowler* (2d Cir. 1961), *supra*, at 45.

We can find no special circumstances indicating that it is inappropriate for us to exercise our discretion to enjoin the second filed suit. In our judgment, the record before us contains no suggestion that either side was "forum shopping" or has in any way acted in bad faith in the manner of commencing its lawsuit. As to the balance of convenience between the two forums, there appears to us nothing in the record to tip the scales one way or the other.[6] Accordingly, Horn & Hardart's motion for a permanent injunction is granted.

SO ORDERED.

---

6. This motion was made and answered in great haste; neither party seems to have thoroughly developed its "balance of convenience" position. This decision will therefore be without prejudice to any motion for change of venue that may subsequently be addressed to us.