**MSK INSURANCE, LTD., Plaintiff,**

v.

**EMPLOYERS REINSURANCE CORP., Defendant.**

**No. 02 Civ. 1880(NRB).**

United States District Court, S.D. New York.

July 29, 2002.

Steven B. Rosenfeld, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Plaintiff.

Frank M. Nicoletti, Nicoletti, Gonson & Bielat, LLP, New York City, Robert T. Adams, Shook, Hardy & Bacon L.L.P., Kansas City, MO, for Defendant.

### *MEMORANDUM AND ORDER*

BUCHWALD, District Judge.

On December 21, 2001, Employers Reinsurance Corp. ("ERC") filed a complaint against MSK Insurance, Ltd. ("MSK") in the United States District Court for the District of Kansas (the "Kansas court") arising out of a dispute regarding ERC's reinsurance obligations under a "Facultative Reinsurance Certificate" (the "Kansas action"). *See* Def.'s Mem. Ex. 1 ("Complaint for Declaratory Relief" date-stamped on December 21, 2001); Affidavit of Mark Svenningson dated June 28, 2002, Ex. B ("Facultative Reinsurance Certificate"). Subsequently, on March 7, 2002, MSK filed the instant complaint against

ERC arising out of the same dispute. *See* Compl. ¶¶ 1–4. The parties served their respective complaints on May 31, 2002. Def.'s Mem. at 2; Pl.'s Opp. at 2. On June 24, 2002, ERC moved before this Court for an order staying this action indefinitely in order to permit the Kansas court to decide whether this action or the Kansas action should proceed. On July 1, 2002, MSK moved before this Court for an order enjoining ERC from prosecuting the Kansas action.[1] For the reasons that follow, we grant ERC's motion to stay, and deny MSK's motion to enjoin.

## DISCUSSION

We are presented with two distinct issues by the parties. There is, on the one hand, the substantive issue of which suit, the Kansas action or this one, should proceed. This issue of judicial management may depend on many factors, including, *inter alia*, which action was filed first, *First City Nat'l Bank & Trust Co. v. Sim-*

*mons*, 878 F.2d 76, 79 (2d Cir.1989), which court has jurisdiction over the parties, *National Patent Dev. Corp. v. American Hosp. Supply Corp.*, 616 F.Supp. 114, 118 n. 7 (S.D.N.Y.1984), and which forum is more "convenien[t]," *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218–19 (2d Cir.1978) (citing 28 U.S.C. § 1404(a)). MSK's arguments are devoted almost exclusively to this substantive issue. *See* Pl.'s Mem. at 6–13; Affidavit of Patrick J. Hickey ("Hickey Aff."); Affidavit of Mark Svenningson ("Svenningson Aff.").

Logically, however, we must first decide *which court* should grapple with the issue of where the case should proceed.[2] This District has laid down a bright-line rule for situations such as this: The court before which the first-filed[3] action was brought determines which forum will hear the case.[4] *Reliance Ins. Co. v. Six Star, Inc.*, 155 F.Supp.2d 49, 54 n. 2 (S.D.N.Y.2001); *Invivo Research, Inc. v. Magnetic Reso-*

---

1. In addition, ERC informs the Court that MSK has since moved before the Kansas court to dismiss the Kansas action or transfer it to this district. Def.'s Opp. at 8. ERC further states that MSK has requested that the Kansas court " 'refrain from considering the present motions [to dismiss or transfer] until Judge Buchwald has ruled on the motions before her in New York.' " *Id.* at 8 n. 9 (purporting to quote MSK's memorandum in support of its motions before the Kansas court).

2. Theoretically, both we and the Kansas court might pass on the issue, but the risk of inconsistent results strongly counsels against such a course. *See, e.g., Donaldson, Lufkin & Jenrette v. L.A. County*, 542 F.Supp. 1317, 1321 (S.D.N.Y.1982).

3. By "first-filed," we mean the action whose complaint was filed first with the relevant court. *Interwood Marketing Ltd. v. Media Arts Int'l Ltd.*, 1990 WL 209432, at *2–*3 (S.D.N.Y. Dec. 12, 1990); *see* Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court."). The relative dates of service are not relevant to this inqui-

ry. *Berisford Capital Corp. v. Central States, S.E. and S.W. Areas Pension Fund*, 677 F.Supp. 220, 222 n. 1 (S.D.N.Y.1988) ("[t]he 'first-service' rule is not the law of this circuit"); *see Interwood*, 1990 WL 209432, at *3 (opining that this rule "makes practical sense, because the time of filing is easily ascertained by reference to the court's docket sheet, while the time of service may be the subject of dispute between the parties") (citing *Horn & Hardart Co. v. Burger King Corp.*, 476 F.Supp. 1058, 1059 n. 1 (S.D.N.Y.1979)).

4. In an Order dated July 16, 2002, the Kansas court demonstrated its familiarity with this rule, stating:

> [A]s a general rule, "the first court in which jurisdiction attaches has priority to consider the case." This includes issues of venue. [As] "[j]urisdiction relates back to the filing of the complaint[,]" [and as ERC] filed its complaint first in the Kansas case[,] this court will likely be the appropriate court to determine the appropriate venue.

(quoting *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163–64 (10th Cir.1982)) (other citations omitted).

*nance Equipment Corp.,* 119 F.Supp.2d 433, 440 (S.D.N.Y.2000); *Citigroup Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 557 n. 4 (S.D.N.Y.2000); *Ontel Prods., Inc. v. Project Strategies Corp.,* 899 F.Supp. 1144, 1150 n. 9 (S.D.N.Y.1995); *Donaldson, Lufkin & Jenrette,* 542 F.Supp. at 1321.[5] Accordingly, we deny MSK's motion to enjoin ERC, and we grant ERC's motion to stay this action.

## CONCLUSION

This action is hereby stayed pending resolution by the Kansas court of the issue of whether this action or the Kansas action shall proceed.[6]

**IT IS SO ORDERED.**

---

**5.** MSK cites five cases in which the "second-filed" complaint was filed in this District, but this Court nevertheless made a determination as to which action would proceed. Pl.'s Mem. at 14 (citing *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.,* 178 F.Supp.2d 459, 470 (S.D.N.Y.2002)); *Elbex Video, Ltd. v. Tecton, Ltd.,* 2000 WL 1708189, at *2–*3 (S.D.N.Y. Nov. 15, 2000); *800–Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F.Supp. 128, 136 (S.D.N.Y.1994); *National Patent,* 616 F.Supp. at 121; *Sybil Ives, Inc. v. Helene Curtis Indus., Inc.,* 249 F.Supp. 865, 869 (S.D.N.Y.1965). With one exception, there is no indication in those cases, however, that this Court stopped to consider whether it was the appropriate body to make this determination before doing so. *See Everest,* 178 F.Supp.2d at 464 n. 3 (noting that this issue "would ordinarily be addressed by the court in which the 'first-file' case is pending," but reaching it anyway because this Court was the only one with all relevant parties before it). As such, we do not read these cases as challenging the well-settled rule that "[t]he court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or, alternatively, an exception

to the first-filed rule applies." Michael C. Silberberg, Civil Practice in the Southern District of New York § 9.37 (2d ed.1999). Moreover, we think that the better rule is that which reserves the decision to the court that is, in a technical and formal sense (i.e., based on the "time-stamp" on the complaint), the first-filed forum. *See Interwood,* 1990 WL 209432, at *5 n. 3 (calling this "the more prudent course"). The rule to which we adhere today duly serves both the federal judiciary and the litigants before it, because it provides a bright-line division of labor among the federal courts, thereby avoiding duplicitous litigation and the possibility of inconsistent rulings, which are especially likely where, as here, the district courts have been directed to avoid "rigid mechanical solution[s]" and are endowed with "an ample degree of discretion." *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183–84, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

**6.** We are aware that MSK requested oral argument on the instant motions. While we normally honor such a request, given the basis of our ruling, we did not believe that oral argument would have been beneficial.